BOLIN, Judge.
The predominant issue in this case is whether prescription bars plaintiff’s suit for damages and the annulment of two judgments of possession where his claims are based on the provisions of an olographic will which was allegedly concealed from him and not presented for probate within five years of the opening of the succession of the deceased author. The trial court sustained the plea of prescription and we affirm.
Ezra B. Towne, Sr., and his sister, Miss Louise Towne, owned a small plantation in indivisión. In 1946 Miss Towne made an olographic will bequeathing all her property to two of her nephews, Wiley G. Towne, the plaintiff, and William E. Towne, one of the defendants. Although both were named co-executors, William was given possession of the will with the instructions to do with it as he saw fit upon Miss Towne’s death.
When Miss Towne died in 1954, William decided not to probate the will so that her interest in the plantation would be inherited by their father and would eventually pass to his father’s five children in equal shares. Her succession was opened as an *629 intestate proceeding and Ezra B. Towne, Sr., was recognized as her sole heir.
Ezra B. Towne, Sr., died testate in 1972 and his widow and all five of his children, including plaintiff, petitioned for possession of his estate. The widow, Mrs. Cary Nell Towne, died testate in 1974 and all five children joined in the petition for possession which recognized them to be equal owners of the plantation.
Plaintiff filed suit against his brothers and sisters in 1977, seeking (1) to have them ordered to produce the will of Miss Louise Towne; (2) to annul the judgments of possession in the successions of Ezra B. Towne, Sr., and Mrs. Cary Nell Towne; and (3) $71,000 in damages. Defendants filed exceptions of prescription, prematurity, no cause of action and res judicata. The trial judge sustained all the exceptions and plaintiff appeals.
In ruling on the prescription issue, the trial judge did not specify which prescriptive period he found applicable. However, it is apparent from his oral reasons, which appear in the transcript of testimony, that his decision was based on a finding that plaintiff had knowledge of the existence of the will of Miss Louise Towne at some time prior to her death in 1954, and consequently any of the arguably applicable periods would have accrued by the time suit was filed in 1977.
We accept that factual determination and agree plaintiff’s claims have prescribed. His claim for annulment of the judgments of possession in the successions of Ezra B. Towne, Sr. and Mrs. Cary Nell Towne is based on alleged fraud on the part of defendants in obtaining these judgments, i. e., their concealment of Miss Louise Towne’s will from him. Article 2004 of the Code of Civil Procedure provides that an action to annul a judgment on the grounds of fraud or ill practices must be brought within one year of the discovery of the fraud or ill practices. Since plaintiff knew of the existence of Miss Towne’s will prior to her death, he would naturally have been aware of its concealment when her succession was opened as an intestate proceeding in 1954. Therefore, since he was aware of the alleged fraud before these later judgments of possession were rendered, he could have no more than one year to file his suit for annulment. The judgment of possession in the succession of Ezra B. Towne, Sr., was rendered in 1972. The judgment of possession in the succession of Mrs. Cary Nell Towne was rendered in 1975. This suit was not filed until September 12, 1977.
We also note that Article 2893[1] of the Code of Civil Procedure and La.R.S. 9:5643 [2] provide a five year prescription for the probate of testaments. Although plaintiff did not seek to have Miss Towne’s will probated, it appears that any additional rights he might have must emanate from that will. The will cannot now be probated since more than five years have elapsed since the opening of Miss Towne’s succession in 1954. Therefore, plaintiff has no basis for his claim of additional ownership in the plantation.
Plaintiff’s claim for money damages had also prescribed under the ten year prescription of Civil Code article 3544.[3] Minyard v. Curtis, 251 La. 624, 205 So.2d 422; Whitten v. Monkhouse, 29 So.2d 800 (La.App. 2d Cir. 1947). This claim is based on an assertion that by concealing the will from him the defendants have wrongfully deprived plaintiff of his inheritance and unjustly enriched themselves. Again, since plaintiff had knowledge of the existence of *630 the will prior to Miss Towne’s death, he would naturally have been put on notice of its concealment when her succession was opened. Consequently, the ten years began to run at that point.
Having decided adversely to plaintiff on the issue of prescription, we find it unnecessary to consider the correctness of the rulings on the remaining exceptions.
The judgment is affirmed at appellant’s cost.

. Art. 2893.
No testament shall be admitted to probate unless a petition therefor has been filed in a court of competent jurisdiction within five years of the judicial opening of the succession of the deceased.

. § 5643
A proceeding to probate the purported testament of a deceased person is prescribed by five years, reckoning from the date of the judicial opening of the succession of the deceased.

.Art. 3544.
In general, all personal actions, except those before enumerated, are prescribed by ten years.