497 So.2d 10 (1986)
SUCCESSION OF Frances G. ALBRITTON.
No. CA-5114.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
*11 Rodney J. Madere, Metairie, for appellee.
Paula A. Perrone, Metairie, for appellant.
Before GULOTTA, KLEES, and BYRNES, JJ.
BYRNES, Judge.
Mrs. Lanelle Tanner, widow of Frances G. Albritton, appeals the dismissal of her action to nullify the judgment which sent her into possession of her husband's estate. We affirm.

FACTS
Frances G. Albritton died on May 17, 1979, while domiciled in Orleans Parish. Before his death he made a statutory will which left all of his property in Orleans Parish to his wife and certain real estate in Florida to his sister. On August 21, 1979 the decedent's will was probated and, on the basis of appellant's verified petition for possession, she was sent into possession of her husband's estate.
In March of 1982, appellant filed suit to nullify the judgment of possession on the grounds of ill practice. In that suit she claimed that prior to the decedent's death, his relationship with his sister, Mrs. Lee, had deteriorated to such an extent that he tore up the original of his will to prevent his sister from receiving the Florida real estate he had bequeathed to her. The suit further alleged that shortly after her husband's death, Mrs. Tanner related these events to the attorney handling the succession but was told that his office copy of the will had to be probated despite the decedent's implied intention to revoke it. Appellant also claimed that on March 13, 1981 she was told by a Florida attorney that she could have contested the validity of her husband's will in the Louisiana probate proceedings thereby permitting her to inherit a share of her husband's Florida real estate holdings under the intestacy laws of that state.
Appellant argues that the Louisiana attorney's advice to probate his office a copy of the will constituted ill practice under C.C.P. Art. 2004. Under that article, a final judgment obtained by fraud or ill practices may be annulled if the action to annul is "... brought within one year of the discovery of the fraud or ill practices." The appellee, who inherited the decedent's Florida real estate pursuant to the probated will, argues that this one year prescriptive period had expired before appellant's suit was filed. The trial court agreed and granted her peremptory exception of prescription. We agree with this disposition and affirm the trial court's action.
There is absolutely no doubt that Mrs. Tanner had actual knowledge of the destruction of her husband's original will months before the judgment of possession was rendered. She admitted in her petition for nullity, that she knew at the time of the probate proceedings that her husband had destroyed the original of his will. Notwithstanding this knowledge, she falsely swore in the verified petition for possession that her husband had died testate.
In brief appellant argues that the one year prescriptive period should have commenced *12 on was March 13, 1981, when she was informed by the Florida attorney that she could have contested the probate of a copy of her husband's statutory will and thereby gained an interest in the Florida property. We do not agree.
The facts which form the basis of appellant's action for nullity had been in her possession all along. She knew her husband had destroyed the original of the will. She also knew that she had sworn under oath that he died testate. It is the knowledge of these facts, not their legal consequences which commences the running of prescription under C.C.P. art. 2004. Bellamy v. Janssen, 477 So.2d 928 (La. App. 4th Cir.1985), writ den., 484 So.2d 667 (La.1986). Moreover, by swearing that her husband died testate when she knew that he did not, Mrs. Tanner became a direct participant in any fraud or ill practice which may have taken place and should not be allowed to seek annulment of the judgment of possession on these grounds.
Under these circumstances, we hold that the one year prescriptive period provided by C.C.P. Art. 2004 had expired when appellant filed her suit for annulment. See Musso v. Aiavolasiti, 439 So.2d 1184 (La. App. 4th Cir.1983), Towne v. Towne, 364 So.2d 627 (La.App. 2nd Cir.1978). The judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.