811 So.2d 1200 (2002)
Mark W. HANEY, Robert L. Haney, Jr., Ellis P. Carter, Mary Carter Stokes, Martin C. Carter, Jr., David A. Carter, Pamela Carter Cabiro, Marcelle Carter LeBlanc, and Ronald T. Carter
v.
DELTA PETROLEUM COMPANY, INC., Delta Rocky Mountain Petroleum, Inc., Paul B. Maxwell, W. Hampton Maxwell and Thomas A. Maxwell.
No. 2001-CA-0636.
Court of Appeal of Louisiana, Fourth Circuit.
March 6, 2002.
Rehearing Denied April 16, 2002.
*1201 Arthur A. Lemann, III, New Orleans, LA, and Roy Raspanti, Metairie, LA, for Plaintiffs/Appellants.
*1202 Andrew C. Littman, Stevens, Littman & Biddison, LLC, Boulder, CO, and Russ M. Herman, Leonard A. Davis, Herman, Herman, Katz & Cotlar, L.L.P., New Orleans, LA, for Defendants/Appellees.
(Court composed of Judge STEVEN R. PLOTKIN, Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY).
JAMES F. McKAY, III, Judge.
The stock sale that is the subject of this litigation was consummated on December 31, 1983 in response to a tender offer by Delta Petroleum Company, Inc. (Delta). The plaintiffs, who are former shareholders of Delta, alleged that they received inadequate consideration for the shares they tendered. The lawsuit was originally brought against Delta, its subsidiary, Delta Rocky Mountain Petroleum, Inc. (DRMP), as well as a former shareholder, and two individuals who continued to own stock and otherwise remained involved with Delta after the tender offer. Certain officers and directors were also named as defendants.
The defendants previously filed a motion for partial summary judgment arguing that they owed no duty to disclose financial projections for DRMP in connection with the tender offer for shares of Delta. The trial court granted a partial summary judgment, concluding that "none of the Defendants had a duty to disclose financial projections for DRMP to its shareholders in connection with this Tender Offer" and dismissed the plaintiffs' claims "to the extent" they were based upon failure to disclose the alleged projections. This Court affirmed. Haney v. Delta Petroleum Company, Inc., 99-0170 (La.App. 4 Cir. 10/6/99), 748 So.2d 36. The plaintiffs amended their petition. The defendants again moved for summary judgment, contending that there were no other legal or factual issues encompassed within the plaintiffs' petition, as amended, that merit a trial. The trial court again granted summary judgment. It is from this judgment that plaintiffs now appeal.
On appeal, the plaintiffs raise the following assignments of error: 1) the trial court erred in erroneously placing the burden of proof on plaintiffs rather than defendants; 2) the trial court erred in that it impermissibly weighed the evidence in a motion for summary judgment; 3) the trial court erred in finding that it was undisputed that defendants Jon and Paul Maxwell were in good faith, i.e., that there was no genuine issue of material fact as to the good faith of defendants Jon and Paul Maxwell; 4) the trial court erred in finding that it was undisputed that defendants Jon and Paul Maxwell did not know that Delta's stock was worth more than $1,000 a share, i.e., there was no genuine issue of material fact as to whether Jon and Paul Maxwell knew that Delta's stock was worth more than $1,000 a share; 5) the trial court erred in finding that it was undisputed that Jon and Paul Maxwell were acting in good faith and did not breach their fiduciary duty towards the plaintiffs when they told the plaintiffs that Delta had only a minority interest in DRMP when it really had a majority interest; 6) the trial court erred in finding that it was undisputed that defendants Jon and Paul Maxwell were acting in good faith towards the plaintiffs and did not breach their fiduciary duty towards them when they told the plaintiffs that Delta only owned a minority interest in DRMP but told the Whitney Bank that Delta owned a majority of DRMP; 7) the trial court erred in finding that it was undisputed that defendants Jon and Paul Maxwell *1203 were acting in good faith towards the plaintiffs and did not breach their fiduciary duty towards them, when they told the plaintiffs that Delta's stock was worth only $1,000 a share and concealed from the plaintiffs the fact that they demonstrated to the Whitney Bank that Delta's stock was worth more than $1,000 a share; 8) the trial court erred in granting defendants' motion for summary judgment which was based upon subjective facts of knowledge, good faith and intent; and 9) the trial court erred in denying plaintiffs' motion for summary judgment or the alternative motion for a new trial.
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and exhibits show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-La.C.C.P. art. 966(B). The burden is on the movant to show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580. When a motion for summary judgment is filed and has been supported by the evidence, the adverse party may not rest on mere allegations in his pleadings. By affidavit or otherwise, he must set forth specific facts showing that there is a genuine issue for trial. Snow v. Lenox International, 27,533 (La.App. 2 Cir. 11/1/95), 662 So.2d 818.
According to Louisiana Revised Statute 12:91(E): "A person alleging a breach of the duty of diligence, care, judgment, and skill owed by an officer or director under Subsection A shall have the burden of proving the alleged breach of duty, including the inapplicability of the provisions as to the fulfillment of the duty under Subsections C and D...." Therefore, the plaintiffs bear the burden of proving that defendants breached a fiduciary duty and that defendants lacked good faith. See Brockman v. Salt Lake Farm Partnership, 33,938 (La.App. 2 Cir. 10/4/00), 768 So.2d 836. Accordingly, a defendant has no obligation to affirmatively prove anything on a motion for summary judgment, other than pointing out that there is an absence of factual support for the elements of plaintiff's breach of fiduciary duty/fraud claim. Holmes v. Harper, 34,631 (La.App. 2 Cir. 5/9/01), 786 So.2d 245.
Since we review a trial court's granting of summary judgment de novo, we must determine whether the plaintiffs have produced factual support sufficient to establish that they will be able to satisfy the evidentiary burden of proof at trial. In the instant case, our review of the record indicates that there is a complete lack of evidence that defendants breached any fiduciary duty to plaintiffs, that defendants made any misrepresentations to or concealed material facts from plaintiffs, that defendants knew the price of Delta's shares was supposedly worth more than $1,000 in 1983, that defendants lacked good faith, or that plaintiffs relied upon any of the information of which they now complain. Therefore, we find that the trial court applied the appropriate summary judgment standard.
A motion for summary judgment based on knowledge or good faith is appropriate when there is no issue of material fact concerning the pertinent intent. Sanders v. Ashland Oil, Inc., 96 1751 (La. App. 1 Cir. 6/20/97), 696 So.2d 1031. Although *1204 summary judgments are not precluded as a matter of law where the issue is one concerning knowledge or intent; rather they depend on the particular facts presented in the documentary evidence accompanying the motion. Simoneaux v. E.I. duPont de Nemours and Co., Inc., 483 So.2d 908 (La.1986). Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation. Carter v. BRMAP, 591 So.2d 1184 (La.App. 1 Cir.1991).
Based upon the undisputed evidence before the trial court, it found that there was no evidence contradicting defendants' depositions and documents evidencing defendants' knowledge and good faith. Furthermore, there is no evidence to refute that $1,000 was a fair price or, even if it was, that defendants knew in 1983 that $1,000 per share was not a fair price. Being that there was no factual dispute, the trial court's granting of summary judgment on the issue of the defendants' state of mind was appropriate.
The plaintiffs now claim that the basis for their breach of fiduciary duty is that defendants told plaintiffs that Delta had only a minority interest in DRMP when, in fact, it held a majority interest. However, not once in their petition did the plaintiffs claim that the breach of fiduciary duty had anything to do with the percentage interest that Delta owned of DRMP or that they relied upon the percentage of DRMP owned by Delta. Although "La. Code Civ.P. art. 864 does not require the plaintiff to allege his exact theory of the case, i.e., every way in which he intends to prove that the defendant breached the fiduciary owed, the Code of Civil Procedure requires him to allege a sufficient factual background to provide the defendant with fair notice." Hargett v. Hargett, 2000-799 (La.App. 3 Cir. 12/6/00), 772 So.2d 999. There is no evidence in the record that any plaintiff relied upon the amount or percentage of DRMP shares that Delta had subscribed to purchase. Furthermore, the plaintiffs' own expert testified that there were no facts to indicate any misrepresentation or omission concerning Delta's investment in DRMP in Delta's financial statement. Accordingly, we agree with the trial court's finding that it was undisputed that Jon and Paul Maxwell were acting in good faith and did not breach their fiduciary duty towards the plaintiffs with regards to the representations they made about Delta's interest in DRMP.
The plaintiffs contend that the trial court erred in determining that it was undisputed that Jon and Paul Maxwell were in good faith with regards to what they told the Whitney Bank about what percentage of DRMP that Delta owned as well as what the Delta stock was worth. There is no evidence in the record that the defendants articulated to the Whitney Bank what percentage of DRMP they owned. The plaintiffs also contend that the trial court erred by concluding that there was no evidence that any of the defendants knew that the price of Delta was in excess of $1,000 per share. The plaintiffs claim that the defendants told the Whitney Bank that Delta's shares were worth $1,347 to $1,700 per share. However, there is no evidence to support this claim. The only evidence in the record is that the Whitney bank did not think that the stock price was even worth $1,000 per share. There is also no evidence that DRMP added any value to the price of Delta's shares.
*1205 Lastly, the plaintiffs contend that the trial court erred in denying their motion for summary judgment. Because the trial court had orally granted the defendants' motion for summary judgment, which dismissed the plaintiffs' claims, there was no procedural basis for the plaintiffs to even file a motion for summary judgment. Accordingly, this issue is moot.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
PLOTKIN, J. Dissenting.
Appellant-plaintiffs, former shareholders of Delta Petroleum Co., Inc. (Delta), a closed corporation, appeal the granting of a partial summary judgment in favor of the appellee-defendants, Delta and two brothers/corporate directors John and Paul Maxwell. They allege that the defendants breached their fiduciary duty to the plaintiff shareholders and made fraudulent representations in the tender offer. As a result of those actions the plaintiff received offers to sell their stock substantially below their true value. This Court's prior opinion in Haney v. Delta Petroleum Co., Inc., 99-0170 (La.App. 4 Cir. 10/6/99), 748 So.2d 36 does not preclude the issues herein. For reasons assigned, I would reverse the summary judgment and remand for a full trial.
The majority accepts the defendant's evidence on all issues to reach the merits in this case. The disputed evidence demonstrates that the stock buyers failed to disclose the critical fact that they had stock control of Delta Rocky Mountain Petroleum (DRMP) when they made their tender offer of $1000 a share. Plaintiffs claim that they were informed in the tender offer that there was no market for the company's stock and that dividends would be decreased or eliminated. Thus, if true, the failure to disclose accurate financial information about Delta is one issue, but the alleged failure to disclose the majority ownership of the subsidiary entity DRMP, which is a fraudulent misrepresentation, is a separate, disputed issue.
Off balance sheet transactions, ownership, and values are material sources of information that should be disclosed in a clear and understandable manner in a stock tender offer. The tender of information concerning related party transactions requires fairness, respect for correct financial information, and full disclosure of material information in order for the parties to meet their fiduciary responsibilities.
As a result of the buyer's alleged breach of fiduciary duty and fraud, the sellers further claim that they not only did not know about DRMP but that they obviously did not recognize its present or potential value. On the other hand, the plaintiffs claim that the buyer knew the true value of the stock because of the manner in which the Whitney loan of $4.5 million was structured for repayment. In support of this position, the plaintiffs presented the testimony of expert witness Albert Derbes and of a Whitney loan officer, Harry Stahel. Mr. Derbes opined that the Whitney loan for the tender offer buyout was based on the current value of Delta stock and the future value of DRMP. Although Delta representatives dispute this contention, only a trial on the merits can determine whether there was fraud as to the stock value, breach of a fiduciary duty, and/or intentional concealment of the true value of Delta stock.
Plaintiffs assert further that the defendant's claim of lack of knowledge and good *1206 faith as to the true value of Delta's stock is based on a subjective state of mind, which is insufficient to support a motion for a summary judgment. Particularly the plaintiffs argue that John and Paul Maxwell knew that the Delta stock was worth more than $1000 per share, at least $1347-$1700 per share as of December 31, 1983. Finally, the plaintiffs claim that the defendants informed the plaintiffs of the lower number, told the Whitney bank the higher amount, and falsified bank records provided to the plaintiffs.
Thus, there is a material dispute of fact in this record relating to the above issues. I would reverse the summary judgment and allow the case to proceed to trial.