904 So.2d 53 (2005)
Mark W. HANEY, Robert L. Haney, Jr., Ellis P. Carter, Mary Carter Stokes, Martin C. Carter, Jr., David A. Carter, Pamela Carter Cabiro, Marcelle Carter Leblanc and Ronald T. Carter
v.
Leonard A. DAVIS, Russ M. Herman, Delta Petroleum Company, Inc., Paul B. Maxwell, Jon Maxwell, Delta Rocky Mountain Petroleum, Inc. and Herman, Herman, Katz & Cotlar, L.L.P.
No. 2004-CA-0856.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 2005.
Roy Raspanti, Metairie, Counsel for Plaintiff/Appellant.
Jacques F. Bezou, Candice L. Jenkins, The Bezou Law Firm, Covington, Counsel for Defendants/Appellees (Delta Petroleum Co., Inc., Delta Rocky Mountain Petroleum, Inc. and Jon Maxwell).
Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY.
MICHAEL E. KIRBY, Judge.
Plaintiffs, Mark W. Haney, Robert L. Haney, Jr., Ellis P. Carter, Mary Carter Stokes, Martin C. Carter, Jr., David A. Carter, Pamela Carter Cabiro, Marcelle Carter LeBlanc and Ronald T. Carter, appeal the trial court judgment granting the exception of res judicata filed by defendants, Jon Maxwell, Delta Petroleum Company, Inc., ("Delta") and Delta Rocky Mountain Petroleum, Inc., ("DRMP"), and dismissing plaintiffs' claims against those defendants with prejudice.[1]
*54 The record designated on appeal only includes pleadings and the trial court judgment related to plaintiffs'"Petition for Nullity of Judgment and for Damages." For the facts and procedural history of the related case of Haney v. Delta Petroleum Company, Inc., we turn to this Court's previous opinions reported at 99-0170 (La. App. 4 Cir. 10/6/99), 748 So.2d 36, and XXXX-XXXX (La.App. 4 Cir. 3/6/02), 811 So.2d 1200. For purposes of this appeal, the following facts are pertinent:
In 1992, the plaintiffs, former shareholders of Delta, a closed corporation, filed suit against Delta, its subsidiary, DRMP, and certain officers and directors of Delta, alleging breach of fiduciary duty. The subject of the lawsuit was a stock sale that was consummated on December 31, 1983 in response to a tender offer made to plaintiffs by Delta. When Delta presented the tender offer to plaintiffs, it provided shareholders with audited financial statements but not the financial projections for DRMP, which was then a subsidiary company in the process of being created. Plaintiffs suggest that these projections anticipated strong profits from DRMP, and allege that the disclosure of these projections would have revealed that the value of their Delta stock was greater than the amount that they received for it.
Plaintiffs claim that the two most active shareholders, brothers and Delta directors Jon and Paul Maxwell, breached their fiduciary duty to plaintiffs and defrauded them by telling plaintiffs that their stock was worth less than its actual value and by buying the stock from plaintiffs at this reduced value. Delta filed a motion for partial summary judgment on the issue of whether Delta had a duty to disclose the cash flow projections of DRMP. The trial court granted the motion for partial summary judgment, finding that Delta had no duty to disclose such projections, and this Court affirmed. Haney v. Delta Petroleum Co., Inc., 99-0170 (La.App. 4 Cir. 10/6/99), 748 So.2d 36.
The plaintiffs subsequently amended their petition, and the defendants again moved for summary judgment, which the trial court granted. In the appeal of that judgment, this Court affirmed, finding that there was no evidence contradicting defendants' depositions and documents establishing defendants' knowledge and good faith in the 1983 stock transaction. Haney v. Delta Petroleum Co., Inc., XXXX-XXXX, p. 5 (La.App. 4 Cir. 3/6/02), 811 So.2d 1200, 1204. Furthermore, this Court found that plaintiffs offered no evidence to refute that the price offered by defendants for plaintiffs' stock was fair, or, assuming arguendo that the price was not fair, plaintiffs offered no evidence that defendants knew the price offered was not fair. Id. This Court agreed with the trial court's finding that it was undisputed that Jon and Paul Maxwell were acting in good faith and did not breach their fiduciary duty towards the plaintiffs with regard to the representations they made about Delta's interest in DRMP, and that there was no evidence that DRMP added any value to the price of Delta's shares. Id., pp. 6-7, 811 So.2d at 1204.
On September 15, 2003, plaintiffs filed a "Petition for Nullity of Judgment and for Damages." In addition to the defendants named in the previous matters bearing the caption Haney v. Delta Petroleum Company, Inc., plaintiffs added as defendants Leonard A. Davis, Russ M. Herman and their law firm, Herman, Herman, Katz & Cotlar, L.L.P. In the nullity petition, plaintiffs reiterate their arguments made in the *55 previous matters entitled Haney v. Delta Petroleum Company, Inc., that defendants, Jon Maxwell, Paul Maxwell, Delta and DRMP had a duty to disclose to plaintiffs cash flow projections for DRMP, which allegedly evidenced that the true value of the stock shares that the Maxwells, Delta and DRMP purchased from plaintiffs was significantly higher than represented in the tender offer.
Plaintiffs then raised the following allegations, which were not raised in Haney v. Delta Petroleum Company, Inc.: In March 1998, plaintiffs propounded Interrogatories, Request for Production of Documents and a Request for Admission of Fact upon the Maxwells, Delta and DRMP. The Request for Admission of Fact was a request that the Maxwells, Delta and DRMP admit or deny that Jon Maxwell prepared the above-referenced cash flow projections.
After receiving no response to their discovery, plaintiffs filed a motion to compel. On June 22, 1998, defendant Davis, counsel for the Maxwells, Delta and DRMP, allegedly called counsel for plaintiffs and proposed that his clients would answer the Interrogatories and Request for Production of Documents if the plaintiffs agreed to not make his clients answer the Request for Admission of Fact. The plaintiffs allegedly refused this offer, and told Davis that they would require answers to all discovery requests, including the Request for Admission of Fact. The plaintiffs' motion to compel discovery was subsequently granted, and on July 30, 1998, the Maxwells, Delta and DRMP through their attorneys, Davis and Herman, denied the Request for Admission of Fact.
On July 24, 1998, prior to filing their response to plaintiffs' Request for Admission of Fact, the Maxwells, Delta and DRMP filed their first motion for partial summary judgment, arguing that they did not owe a legal duty to disclose the above-referenced cash flow projections to plaintiffs as part of the tender offer. Plaintiffs note in their nullity petition, that in support of the motion for partial summary judgment, the Maxwells, Delta and DRMP argued through their attorneys of record, Davis and Herman, that plaintiffs had been unable to prove, among other things, who made the alleged cash flow projections. Plaintiffs allege that all of the defendants knew that Jon Maxwell had prepared the cash flow projections, and that their denial of this in response to plaintiffs' Request for Admission of Fact was a knowing misrepresentation to the court for the purpose of ending plaintiffs' case against the Maxwells, Delta and DRMP. Plaintiffs allege that if the defendants had admitted that Jon Maxwell had prepared the case flow projections, plaintiffs would have had evidence that the Maxwells, Delta and DRMP had possession of information demonstrating that the plaintiffs' shares of stock were worth more than the price in the tender offer, and summary judgment would not have been granted in defendants' favor.
Plaintiffs asked that the trial court enter judgment annulling the summary judgment rendered in favor of the Maxwells, Delta and DRMP, and alternatively, asked that all of the defendants named in the nullity petition be held liable for damages to plaintiffs. Defendants, Jon Maxwell, Delta and DRMP, filed an exception of res judicata to plaintiffs' Petition for Nullity of Judgment and for Damages. In their exception, these defendants argued that plaintiffs' claims have previously been litigated and reduced to final judgment by the trial court in Haney v. Delta Petroleum Company, Inc., which judgment was affirmed by this Court at XXXX-XXXX (La. App. 4 Cir. 3/6/02), 811 So.2d 1200. The trial court granted the exception of res *56 judicata, and dismissed plaintiffs' claims against those defendants with prejudice. Plaintiffs now appeal.
On appeal, the plaintiffs argue that the trial court erred in granting defendants' exception of res judicata. Specifically, plaintiffs argue that the trial court erred in allowing the judgment sought to be annulled to have the effect of res judicata as to the petition for nullity of said judgment. The defendants' response to plaintiffs' arguments on appeal is that the trial court correctly granted their exception of res judicata because the issue involving the DRMP cash flow statements has already been fully litigated with all appeals exhausted.[2]
La. R.S. 13:4231, entitled "Res Judicata," states as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
It is well settled that in a suit to annul the legal effect of a prior judgment, such judgment cannot be successfully pled as res judicata to the suit to annul it. Villanueva v. Schwall, 408 So.2d 1186 (La. App. 4 Cir.1982); Grant v. Securities Finance Company, 173 So.2d 356 (La.App. 1 Cir.1965); State ex rel. Sunseri v. Thoman, 154 So.2d 480 (La.App. 1 Cir.1963). Defendants acknowledge that this is the general rule, but argue that the circumstances of this case support a departure from that rule because of their contention that the claim regarding whether or not defendants correctly responded to certain discovery has already been fully litigated.
Based on the very limited record before us, we do not find that an exception to the above-stated general rule, i.e. that a judgment cannot be res judicata to a suit to annul it, has been established in this case. Accordingly, we find that the trial court erred in granting the exception of res judicata filed by defendants, Jon Maxwell, Delta and DRMP. We hereby reverse the trial court judgment and remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The trial court judgment also states that plaintiffs' claims against Paul Maxwell are dismissed, but the record does not show that Paul Maxwell joined in the exception of res judicata, and he was not represented at the trial court hearing on the exception, nor is he represented in this appeal. We assume that the inclusion of Paul Maxwell's name in the judgment was an inadvertent error on the part of the trial court.
[2] Defendants also ask this Court to consider other exceptions filed by them in the event that the judgment granting the exception of res judicata is reversed. Defendants have neither appealed the trial court judgment, nor answered the plaintiffs' appeal. Furthermore, the exceptions referred to by defendants are not in the record designated on appeal. Defendants' argument regarding other exceptions is not properly before this Court at this time.