952 So.2d 804 (2007)
Mark W. HANEY, Robert L. Haney, Jr., Ellis P. Carter, Mary Carter Stokes, Martin C. Carter, Jr., David A. Carter, Pamela Carter Cabiro, Marcelle Carter LeBlanc and Ronald T. Carter
v.
Leonard A. DAVIS, Russ M. Herman, Delta Petroleum Company, Inc., Paul B. Maxwell, Jon Maxwell, Delta Rocky Mountain Petroleum, Inc. and Herman, Herman, Katz & Cotlar, L.L.P.
No. 2006-CA-1058.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2007.
*805 Roy Raspanti, Metairie, LA, for Plaintiff/Appellant.
Jacques F. Bezou, Candice L. Jenkins, The Bezou Law Firm, Covington, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge DAVID S. GORBATY).
Judge PATRICIA RIVET MURRAY.
This is a nullity action. The factual and procedural background of this nullity action as well as the underlying case is set forth in several published opinions that have been rendered by this court. Haney v. Davis, 99-0170 (La.App. 4 Cir. 10/6/99), 748 So.2d 36, writ denied, 99-3177 (La.1/14/00), 753 So.2d 217 (Haney I); Haney v. Davis, 01-0636 (La.App. 4 Cir. 3/6/02), 811 So.2d 1200, writ denied, 02-1384 (La.9/13/02), 824 So.2d 1169 (Haney II); Haney v. Davis, 04-0856 (La.App. 4 Cir. 5/11/05), 904 So.2d 53 (Haney III); and Haney v. Davis, 04-1716 (La.App. 4 Cir. 1/19/06), 925 So.2d 591, writ denied, 06-0413 (La.4/28/06), 927 So.2d 293 (Haney IV).
The underlying suit arises out of a December 1983 tender offer to the shareholders of Delta Petroleum Company, Inc. ("Delta"). Asserting breach of fiduciary duty claims, a group of former Delta shareholdersMark W. Haney; Robert L. Haney, Jr.; Ellis P. Carter; Mary Carter Stokes; Martin C. Carter, Jr.; David A. Carter; Pamela C. Carter Cabiro; Marcelle Carter LeBlanc; and Ronald T. Carter (collectively referred to as "Plaintiffs")filed the underlying suit against, among others, Delta; its subsidiary, Delta Rocky Mountain Petroleum, Inc. ("DRMP"); and Jon Maxwell, one of Delta's *806 officers and directors (collectively referred to as the "Delta Defendants").[1]
The principal issue presented in the underlying suit is whether the Delta Defendants had knowledge of a set of cash flow projections for DRMP and whether they had a duty to disclose such projections to Plaintiffs as part of the tender offer (referred to as the "Projections"). The Projections, according to Plaintiffs, evidence that the true value of the shares of Delta stock that the Delta Defendants purchased from them was significantly higher than the Delta Defendants represented to them (i.e., that the true value of the stock was at least $1,347.00 to $1,700.00 a share instead of the $1,000.00 a share the Delta Defendants paid to Plaintiffs).
In 1999, the trial court granted the Delta Defendant's motion for partial summary judgment. The court found that the Delta Defendants had no duty to disclose the Projections in connection with the tender offer and dismissed all Plaintiffs' claims arising out of the Delta Defendants' failure to disclose the Projections. This court affirmed that decision in Haney I.
In 2001, the trial court granted the Delta Defendant's motion for summary judgment and dismissed Plaintiffs' entire suit. This court affirmed that decision in Haney II. On September 13, 2002, the Louisiana Supreme Court denied Plaintiffs' writ application, rendering the dismissal of Plaintiffs' underlying suit final.
On Monday, September 15, 2003, Plaintiffs filed a Petition for Nullity of Judgment and for Damages against, among others, the Delta Defendants.[2] In their nullity petition, Plaintiffs outline the circumstantial evidence from which they allege they made the logical inference that the Delta Defendants committed fraud or ill practice in denying their Request for Admission in the underlying suit. A chronological summary of those circumstances is as follows:
 March 1998Plaintiffs propounded the Request for Admission as well as Interrogatories and Request for Documents upon the Delta Defendants through their attorneys of record. The Request for Admission sought to have the Delta Defendants admit or deny that Jon Maxwell (one of the Delta Defendants) prepared the Projections.
 June 22, 1998Leonard A. Davis, counsel for the Delta Defendants, called Plaintiffs' counsel and proposed that the Delta Defendants would answer the Interrogatories and Request for Documents if Plaintiffs would agree not to make them answer the Request for Admission. Plaintiffs' counsel refused the offer.
 July 2, 1998The Delta Defendants filed a motion for partial summary judgment on the issue of whether they *807 owed a duty to disclose the Projections as part of the tender offer.
 July 17, 1998The trial court granted Plaintiffs' motion to compel and ordered the Delta Defendants to respond to Plaintiffs' discovery requests.
 July 30, 1998The Delta Defendants, through their attorneys, denied the Request for Admission.
Simply stated, the basis for Plaintiffs' nullity action is their allegation that the Delta Defendants knew that Jon Maxwell prepared the Projections and that the Delta Defendants' denial of the Request for Admission was "a knowing misrepresentation to the court for the purpose of ending plaintiffs' case."
In response to the nullity action, the Delta Defendants filed exceptions of res judicata, no cause of action, and prescription. Although the trial court granted the exception of res judicata, this court reversed and remanded in Haney III. On remand, the Delta Defendants reurged their other exceptions. From the trial court's decision sustaining the exceptions of no cause of action and prescription, Plaintiffs appeal.
On appeal, Plaintiffs assert the following assignments of error:
1. The trial court erred in granting Delta Defendants' exceptions of no cause of action and prescription and dismissing Plaintiffs' claims against the Delta Defendants with prejudice.
2. The trial court erred in allowing the judgment sought to be annulled herein, i.e., Mark W. Haney, et al v. Delta Petroleum Co., Inc, et al, No. 92-20105 in the Civil District Court for the Parish of Orleans to serve as the basis for the Delta Defendants' exception of no cause of action.
3. The trial court erred in granting the Delta Defendants' exception of prescription despite the fact that Plaintiffs filed suit within one year of the discovery by Plaintiffs of the fraud and ill-practices of the Delta Defendants.
4. The trial court erred in denying Plaintiffs' motion to compel the deposition of Leonard A. Davis and in failing to find Leonard A. Davis in contempt of court for failing to obey a deposition subpoena.
Because we find Plaintiffs' action untimely and affirm the dismissal of this suit on that basis, we do not address Plaintiffs other arguments.
As noted, the basis of Plaintiffs' nullity action is that the Delta Defendants engaged in fraud or ill practices in obtaining a summary judgment dismissing their suit. This action is thus governed by La. C.C.P. art. 2004, which provides in pertinent part as follows:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
The jurisprudence has construed this provision as placing the burden of proof on the party seeking the nullity to establish that the one-year period has not elapsed. Gennuso v. State, 339 So.2d 335, 338 (La.1976)(collecting cases). In an apparent attempt to satisfy their burden of proof, Plaintiffs allege in their second supplemental and amending petition that:
[They] did not realize the significance of the actions of defendants from 1998-2002 until after the conclusion of the litigation on September 13, 2002 when the Supreme Court denied their writ of certiorari. Subsequently, and after comparing the defendants['] Third Motion *808 for Summary Judgment filed in 1998, their response to plaintiffs' writ of certiorari in the Supreme Court and the reasons of the Fourth Circuit Court of Appeal in its opinion, plaintiffs realized that one of the arguments that defendants made in all of those briefs and the basis of the opinion of the Fourth Circuit Court of Appeal was the argument referred to in Paragraph XIV (supra).
The argument to which Plaintiffs refer Paragraph XIVwas made by the Delta Defendants in support of their July 2, 1998 motion for partial summary judgment. The argument, which addresses the Projections, reads as follows:
Despite the many years of discovery in this case, the plaintiffs have been unable to find one witness who can state 1) the date the alleged projections were made; 2) who made the alleged projections; 3) the basis for the alleged projections; 4) the premises relied upon for any of the numbers used in the alleged projections; and 5) any assumptions made in creating the alleged projections.
Plaintiffs contend that the Delta Defendants could not have made this argument if they had not denied the Request for Admission. Continuing, they contend that their nullity action, which they filed in September 2003, is timely because they neither made the logical inference that the Delta Defendants' denial of the Request for Admission must have been fraudulent nor realized the significance of the Delta Defendants' actions until the Louisiana Supreme Court denied their writ application in September 2002.
In support of their position, Plaintiffs cite La. C.C. art. 1957, which provides that "[f]raud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence" and the official comments to that article, which state that fraud sometimes can be inferred from suspicious conditions or events. Plaintiffs contend that the events which occurred during the five-month interval between March 1998 when they propounded the Request for Admission on the Delta Defendants and July 1998 when the Delta Defendants denied it are the suspicious circumstances from which the Delta Defendants' fraud can be inferred. (A chronological summary of these events is set forth earlier in this opinion.)
Although Plaintiffs contend that they did not realize the significance of the Delta Defendants' actions until the Louisiana Supreme Court denied their writ application, the facts that form the basis for Plaintiffs' nullity action have been in their possession since at least July 30, 1998, the date that the Delta Defendants denied the Request for Admission. The chronological summary of the events that Plaintiffs contend constitute the suspicious circumstances from which fraud can logically be inferred reflects that all of these events occurred before July 30, 1998. The jurisprudence has held that "[i]t is the knowledge of these facts, and not their legal consequences which commences the running of prescription under C.C.P. art.2004." Succession of Albritton, 497 So.2d 10, 12 (La.App. 4th Cir.1986); A.S. v. M.C. and P.C., 96 0948, p. 10 (La.App. 1 Cir. 12/20/96), 685 So.2d 644, 649 (citing Albritton, supra). Prescription commenced when Plaintiffs had knowledge of the facts that form the basis of their nullity action, which was no later than July 30, 1998. Thus, the one-year period provided by La. C.C.P. art. 2004 was expired when Plaintiffs filed their nullity suit.
Assuming Plaintiffs state an additional cause of action for damages, we find their damage claim likewise is untimely. The applicable prescriptive period for the damage claim is one year. La. C.C. art. 3492. As the Delta Defendants point out, Plaintiffs *809 failed to provide a date (or dates) that the alleged deceit or misrepresentations took place. We find, as the Delta Defendants suggest, that the date that should be used is the same date as for the nullity action, July 30, 1998, the date the Delta Defendants denied the Request for Admission. We thus find the damage claim is untimely.

DECREE
For the forgoing reasons, the judgment of the trial court is amended to delete the reference to Paul Maxwell, and, as amended, is affirmed.
AFFIRMED AS AMENDED.
NOTES
[1] In this appeal, as in Haney III, the trial court judgment states that Plaintiffs' claims against Paul Maxwell, one of the other defendants in this nullity action and the underlying suit, are dismissed. See Haney III, 04-0856 at p. 1, 904 So.2d at 53 n. 1. However, the record does not show that Paul Maxwell joined in the exceptions of prescription and no cause of action. He was not represented at the trial court hearing on these exceptions, nor is he represented in this appeal. The trial court's inclusion of Paul Maxwell in the judgment apparently was an inadvertent error, which we amend the judgment to correct.
[2] Plaintiffs also named as defendants the attorneys who represented the Delta Defendants in the underlying suit: Leonard A. Davis, Russ M. Herman, and Herman, Herman, Katz & Cotlar, LLP. (the "Herman Defendants"). The Herman Defendants' motion for summary judgment was granted by the trial court, and this court affirmed that decision. Haney IV. The Herman Defendants are thus not before us.