# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-472 consolidated with 09-473**

**BILLY RAY WILLIAMS**

**VERSUS**

**JENNIFER COLLINS WILLIAMS**

**consolidated with**

**STATE OF LOUISIANA**

**VERSUS**

**JENNIFER COLLINS WILLIAMS**

************

## APPEAL FROM THE
### THIRTY-FIFTH JUDICIAL DISTRICT COURT
### PARISH OF GRANT, NOS. 18188 c/w S-2919
### HONORABLE PEYTON W. CUNNINGHAM, JR., DISTRICT JUDGE

************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Marc T. Amy, Billy H. Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

Jeffrey H. Thomas
Thomas Law Firm
Post Office Box 548
Natchitoches, Louisiana 71458-0548
(318) 352-6455
COUNSEL FOR DEFENDANT/APPELLANT:
    Jennifer Collins Williams

Katharine Geary
Attorney at Law
3327 D Jackson Street
Alexandria, Louisiana 71301
(318) 445-1076
COUNSEL FOR PLAINTIFF/APPELLEE:
    Billy Ray Williams

**James P. Lemoine**
**District Attorney, Thirty-fifth Judicial District**
**Renee W. Dugas, Assistant District Attorney**
**Post Office Box 309**
**Colfax, Louisiana 71417-0309**
**(318) 627-3205**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GENOVESE, Judge.**

Defendant/Appellant, Jennifer Collins Williams, filed a Petition to Nullify Judgments relative to her divorce and child support. The trial court dismissed Ms. Williams's petition for nullity after sustaining the peremptory exception of prescription filed by Plaintiff/Appellee, Billy Ray Williams. Ms. Williams appeals. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### *Judgment of Divorce*

On August 16, 2006, Mr. Williams filed a Petition for Divorce in Grant Parish pursuant to La.Civ.Code art. 102.[1] This matter is entitled *Billy Ray Williams versus Jennifer Collins Williams*[2] and bears the docket number 18188. According to the petition, the parties were married in Rapides Parish on October 27, 2005. Two children were born prior to the marriage of the parties: namely, Trent Andrew Williams, born on December 15, 1999, and Destin Cole Williams, born on July 19, 2001. In said petition, Mr. Williams requested joint custody of the children; however, on August 24, 2006, Mr. Williams amended his petition seeking sole custody of the children subject to supervised visitation for Ms. Williams.

The trial court's minutes reflect that on September 11, 2006, a hearing on a Rule for Custody was held wherein the trial court ordered "joint custody with [Mr. Williams] being domiciliary parent with Ms. Williams having [supervised visitation]

---

[1]When Mr. Williams filed this divorce proceeding in 2006, La.Civ.Code art. 102 provided that a divorce would be granted upon proof "that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause." This article has since been amended to require that the parties lively separate and apart for a least three hundred and sixty-five days when the parties have minor children.

[2]The trial court signed an Order on August 11, 2008, consolidating this matter with *State of Louisiana versus Jennifer Collins Williams*.

1

every other weekend." The trial court, however, mistakenly signed a judgment on September 21, 2006, which stated that Mr. Williams was "granted sole custody of the minor child[ren]."

On September 28, 2006, Ms. Williams filed a Petition for Protection from Abuse against Mr. Williams. In her petition is a handwritten notation made by Ms. Williams in which she declared that Mr. Williams was "granted sole custody [of the children] per [j]udgment [dated September 21, 2006.]" The trial court issued reciprocal temporary restraining orders at a hearing held on October 9, 2006.

Pursuant to a Rule to Show Cause on whether the divorce should be granted, a hearing was held on May 14, 2007. At said hearing, Mr. Williams testified that he and Ms. Williams had lived separately for one hundred and eighty days. Though she was not represented by counsel, Ms. Williams was present at said hearing. When asked by the trial court whether she wanted to testify or to call any witnesses, Ms. Williams answered, "No. I'm ready for it to be over with." The trial court again questioned whether Ms. Williams wished to contest the divorce. She reiterated, "No, I just, I just want a divorce." The trial court then granted the divorce. Though this hearing occurred in May of 2007, a Judgment of Divorce was not signed by the trial court until March 13, 2008.

On June 19, 2008, Ms. Williams filed a Petition to Nullify Judgments. In her petition to nullify the judgment of divorce, Ms. Williams alleged that the judgment rendered pursuant to the divorce confirmation hearing on May 14, 2007, "was based on false and perjured testimony of [Mr. Williams] since the parties had not lived separate and apart since the original Petition for Divorce was filed on August 16, 2006[,] but had, in fact, reconciled and lived together from late October of 2006 until

February 14, 2007." Ms. Williams argued that Mr. Williams's actions constituted "fraud and ill practices" pursuant to La.Code Civ.P. art. 2004. She also asserted that since the judgment of divorce was not signed by the trial court until March of 2008, her nullity action was timely filed; therefore, she was entitled to a nullification of the judgment of divorce.

On July 14, 2008, Mr. Williams filed a Peremptory Exception of Prescription to Petition to Nullify Judgment. In his exception, Mr. Williams argued that Ms. Williams "was aware of all actions that she contends were fraud or ill practices more than a year before [the] filing of this motion to nullify judgment as she was present in open court on May 14, 2007."

At the hearing on Mr. Williams's exception held on September 22, 2008, Ms. Williams testified that it was not until March of 2008 that she became aware that the judgment of divorce was based upon erroneous facts. According to Ms. Williams, she discovered the judgment of divorce was based upon erroneous facts when she hired Jeffrey H. Thomas, her present attorney.

The trial court issued written Reasons for Judgment on Peremptory Exception of Prescription on October 15, 2008. Relying upon the fact that Ms. Williams was present in court on May 14, 2007, and that she witnessed Mr. Williams's testimony, the trial court ruled that the prescriptive period for Ms. Williams's nullity action relative to her divorce began to run on May 14, 2007. Specifically, the trial court reasoned:

> Louisiana courts have consistently held that the plaintiff's knowledge of certain facts, rather than the legal consequences of those facts, commences the running of the prescriptive period. *Succession of Albritton*, 497 So.2d 10 (La.App. 4 Cir. 1986), *writ denied*, 498 So.2d 742 (La. 1986); *Bellamy v. Janssen*, 477 So.2d 928 (La.App. 4 Cir. 1985), *writ denied*, 484 So.2d 667 (La. 1986).

3

Since Ms. Williams's nullity action was not filed until June 19, 2008, it was not filed within the one-year period mandated by La.Code Civ.P. art. 2004. Consequently, the trial court sustained Mr. Williams's peremptory exception. A judgment to that effect was signed by the trial court on October 27, 2008. Ms. Williams appeals that judgment.

***Child Support Judgment***

On October 13, 2006, a Petition to Register Louisiana Support Order for Enforcement and Modification Under the Provisions of La.Code Civ.P. Article 2785 was filed on behalf of Mr. Williams. This matter is entitled *State of Louisiana versus Jennifer Collins Williams* and bears the docket number S-2919. According to the petition, Mr. Williams was seeking enforcement of a judgment against Ms. Williams. The judgment, rendered in LaSalle Parish and signed on May 15, 2002, ordered that Ms. Williams pay $275.00 per month to Mr. Williams for support of their two children. On February 26, 2007, an Order and Judgment Confirming Registration of Louisiana Support Order was signed which made the May 15, 2002 support order against Ms. Williams executory and enforceable.

A Petition to Establish Medical Support was filed on behalf of Mr. Williams on March 26, 2007. The record reflects that on May 8, 2007, the parties appeared before a hearing officer on the issue of medical support. Ms. Williams was present. According to the minutes therefrom, "[Ms. Williams] is not currently employed. She did agree to provide medical support if ever reasonably available." Because neither Mr. Williams nor Ms. Williams filed an objection to the hearing officer's recommendations, said recommendations were decreed to be a judgment of the trial court signed on May 14, 2007.

4

Also on May 8, 2007, Ms. Williams accepted service of a Summons and Rule to Show Cause for Contempt and Past Due Support. This matter was heard by a hearing officer on June 12, 2007. The hearing officer found Ms. Williams to be in arrears in the amount of $2,200.00. According to the minutes of this hearing, "For contempt, [Ms. Williams was] sentenced to [ninety] days at the [Grant Parish Jail] . . . [and her sentence was to be] suspended and she [was to] be placed on [twenty-four] months probation if she [paid] the $2,310.00 purge amount." Because neither Mr. Williams nor Ms. Williams filed an objection to the hearing officer's recommendations, said recommendations were decreed to be a judgment of the trial court signed on June 20, 2007.

On June 19, 2008, Ms. Williams filed a Petition to Nullify Judgments. In her petition to annul the trial court's orders and judgments relative to her child support obligation, Ms. Williams argued that Mr. Williams's actions constitute "fraud and ill practices" pursuant to La.Code Civ.P. art. 2004. She asserted that when Mr. Williams requested the State's assistance in enforcing the May 15, 2002 support order against her, Mr. Williams "did not inform the State of Louisiana, Department of Social Services, that he and [Ms. Williams] had married on October 27, 2005." Ms. Williams alleged that after the Petition to Register Louisiana Support Order for Enforcement and Modification Under the Provisions of La.Code Civ.P. Article 2785 was filed on behalf of Mr. Williams on October 13, 2006, she and Mr. Williams "reconciled and lived together from late October of 2006 until February 14, 2007[.]" Therefore, Ms. Williams argued "that the reconciliation of the parties resulted in the extinguishment" of the Order and Judgment Confirming Registration of Louisiana Support Order which was signed on February 26, 2007.

On July 14, 2008, Mr. Williams filed a Peremptory Exception of Prescription to Petition to Nullify Judgment. In his exception, Mr. Williams asserted:

> [Ms. Williams] shows in her rule that a hearing was held in this matter on June 12, 2007. [Ms. Williams] was present in open court on that date. This exception [of nullity] was filed June 19, 2008, more than one year following the hearing on June 12, 2007. An action to annul a judgment due to fraud or ill practices must be brought within one year of discovery of the fraud or ill practices[, and Ms. Williams] was aware of the issuance of the order which she contends was enforced by fraud or ill practices on or before June 12, 2007, more than one year prior to the filing of this petition to annul judgment.

At the hearing on Mr. Williams's exception held on September 22, 2008, Ms. Williams testified that it was not until March of 2008 that she became aware that the child support judgments were obtained by fraud. According to Ms. Williams, this awareness was precipitated by the hiring of Jeffrey H. Thomas, her present attorney.

The trial court issued written Reasons for Judgment on Peremptory Exception of Prescription on October 15, 2008. The trial court ruled that Ms. Williams's cause of action was extinguished for failure to assert the action within the one-year prescriptive period[3] required under La.Code Civ.P. art. 2004. Specifically, the trial court reasoned:

> [Ms. Williams] also seeks to annul the child custody judgment signed on September 21, 2006. [Ms. Williams] claims that this court awarded joint custody to the parties in open court, but the judgment submitted to and signed by this court awarded sole custody to [Mr.] Williams. [Ms. Williams] became aware of this fact no later than September 28, 2006 when she filed a Petition for Protection from Abuse, in which she stated Mr. Williams had sole custody of the minor children. [Ms. Williams] was aware of the facts that formed the basis for her action to annul the child custody judgment for more than one year prior to filing the petition for nullity on June 19, 2008.

---

[3]Though the trial court declared it to be a prescriptive period, this court has held that "the one-year limitation provided in La.Code Civ.P. art. 2004 is a period of peremption, rather than prescription." *Lowe's Companies, Inc. v. Leblanc*, 02-730, p. 4 (La. 2/5/03), 839 So.2d 434, 437 (citing *A.S. v. M.C.*, 96-948 (La.App. 1 Cir. 12/20/96), 685 So.2d 644, *writ denied*, 97-213 (La.App. 3 Cir. 3/14/97), 690 So.2d 38; *Burkett v. Property of Douglas*, 575 So.2d 888 (La.App. 2 Cir.1991)).

Since Ms. Williams's nullity action was not filed until June 19, 2008, more than one year after September 21, 2006, it was not timely. Therefore, the trial court sustained Mr. Williams's peremptory exception. A judgment to this effect was signed by the trial court on October 27, 2008. Ms. Williams appeals.

## ASSIGNMENTS OF ERROR

Ms. Williams asserts the following assignments of error:

1.   The [trial court] erred in finding that the [peremptive] period set forth in [La.Code Civ.P. art.] 2004 commenced to run from the date of the divorce hearing in open [c]ourt on May 14, 2007.

2.   The [trial court] erred in not finding that the Petition to Nullify Judgments constituted a timely filed Motion for New Trial in the [d]ivorce [p]roceedings.

3.   The [trial court] erred in granting the exception of prescription and dismissing the Petition to Nullify Judgments in the [c]hild [s]upport [p]roceedings.

## LAW AND DISCUSSION

Considering the facts in the record of this case, the applicable standard of appellate review is whether the trial court's finding of facts was manifestly erroneous, or clearly wrong. *London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06-401 (La. 10/17/06), 939 So.2d 1227.

> Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court[] finds that it is manifestly erroneous or clearly wrong. *Smith v. Louisiana Dept. of Corrections*, 93-1305 (La.2/28/94), 633 So.2d 129, 132; *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993); *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Id.* The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. *Id.*; *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217 (La.4/3/02), 816 So.2d 270, 278-79. Where there are two permissible views of the

7

evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.*

*Id.* at 1231.

As noted, the bases of Ms. Williams's nullity actions are that Mr. Williams engaged in fraud or ill practices in obtaining the divorce and child support judgments. This action is thus goverend by La.Code Civ.P. art. 2004, which provides in pertinent part as follows:

> A. A final judgment obtained by fraud or ill practices may be annulled.
>
> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

Relative to the divorce judgment, Ms. Williams contends on appeal that the trial court's finding that her petition to nullify the judgment of divorce was not timely filed is contrary to law because "[u]nder the [trial] court's ruling herein, an action to nullify under [La.Code Civ.P. art.] 2004 would have prescribed before the notice of signing and mailing of the judgment." Ms. Williams also argues that La.Code Civ.P. art. 2004 "allows for nullification of a 'final judgment.' Hence, because the notice of mailing of the judgment of divorce was not made until June 19, 2008, the judgment was not final until the delays for filing a motion for new trial and appeal had passed."

Relying upon the fourth circuit's holding in *Succession of Albritton*, 497 So.2d 10, Mr. Williams counters that "Ms. Williams was also a direct participant as she was present in court, did not dispute Mr. Williams'[s] testimony[,] and requested that a judgment be granted."

Relative to the judgment of child support rendered against her, Ms. Williams asserts, in brief, that "[i]n dismissing the Petition to Nullify Judgments in the [c]hild

8

[s]upport [p]roceedings, the [trial] court did not make any findings but simply dismissed that petition in its Judgment." She then argues that her nullity action is timely due to the fact that it was filed within one year of the signing and mailing of the judgment of the trial court. Ms. Williams also asserts that the trial court's ruling that her petition to nullify the child support judgment against her was not timely filed is contrary to law because "it is clear that [she] did not 'discover' the fraud or ill practices until undersigned counsel enrolled in March of 2008."

In brief, Mr. Williams asserts that Ms. Williams was served with notice of the signing of the Order and Judgment Confirming Registration of Louisiana Support Order since February of 2007. Yet, Ms. Williams did not filed her petition to annul until June 19, 2008. Citing *Succession of Albritton*, Mr. Williams argues that Ms. Williams's "knowledge of certain facts rather than legal consequences of those facts commenced the running of the [peremptive] period."

Contrary to the arguments on appeal asserted by Ms. Williams, the trial court's reasons for maintaining Mr. Williams's peremptory exception of prescription relative to the child support judgment are, in fact, declared in its written Reasons for Judgment rendered on October 15, 2008. The trial court found that Ms. Williams was aware of "the facts that formed the basis for her action to annul the child custody judgment for more than one year prior to filing the petition for nullity on June 19, 2008."

The principle issue in the divorce proceeding is whether Ms. Williams had knowledge of Mr. Williams's actions, the actions she alleges to be fraudulent. The record reflects that she did have such knowledge. Ms. Williams was present and witnessed Mr. Williams testify on October 9, 2007, that he and she had lived

9

separately for one hundred and eighty days. Though she was not represented by counsel, Ms. Williams was present. When asked by the trial court whether she wanted to testify or to call any witnesses, Ms. Williams answered, "No. I'm ready for it to be over with." The trial court questioned Ms. Williams a second time as to whether she wished to contest the divorce, to which she reiterated, "No, I just, I just want a divorce." Ultimately, the trial court granted the divorce. Unquestionably, Ms. Williams had the requisite knowledge of the facts that formed the basis of her nullity action well in excess of the one-year time period set forth in La.Code Civ.P. art. 2004.

The plaintiffs in *Haney v. Davis*, 06-1058 (La.App. 4 Cir. 2/14/07), 952 So.2d 804, *cert. denied*, 07-565 (La. 5/4/07), 956 So.2d 611, argued that until the date on which they realized the legal significance of their knowledge, the one-year period provided in La.Code Civ.P. art. 2004 did not begin to run. The fourth circuit disagreed, stating:

> The jurisprudence has held that "[i]t is the *knowledge* of these facts, and not their legal consequences which commences the running of prescription under [La.Code. Civ.P.] art. 2004." *Succession of Albritton*, 497 So.2d 10, 12 (La.App. 4th Cir.1986); *A.S. v. M.C. and P.C.*, [96-948], p. 10 (La.App. 1 Cir. 12/20/96), 685 So.2d 644, 649 (citing *Albritton, supra*). Prescription commenced when Plaintiffs had knowledge of the facts that form the basis of their nullity action . . . .

*Id*. at 808. We, likewise, find that the one-year period provided in La.Code Civ.P. art. 2004 began to run when Ms. Williams had actual knowledge of Mr. Williams's alleged fraud, not when she was informed by her present counsel that she could have disputed same.

Under these circumstances, we find no manifest error in the trial court's judgment sustaining Mr. Williams's peremptory exception of prescription and

dismissing Ms. Williams's petition for nullity.

## DECREE

For the above reasons, we affirm the judgment of the trial court. The costs of this appeal are assessed to Defendant/Appellant, Jennifer Collins Williams.

**AFFIRMED.**