DRAKE, J.
| ¡jThis case involves a claim for indemnity by the City of Baton Rouge/Parish of East Baton Rouge (“City/Parish”) against architects Smith Tipton Bailey Parker, APAC (“Smith Tipton”) related to a construction project. The original suit was filed by Boes Iron Works (“Boes”), a subcontractor on the project. The City/Parish answered the petition of Boes, wherein the City/Parish stated that it may have a potential indemnity claim against Smith Tipton. Smith Tipton filed a motion for summary judgment and exception of prescription against Boes, which the district court granted and dismissed Smith Tipton from the litigation, with prejudice. The City/Parish later filed a petition for declaratory judgment, seeking to reserve a right for indemnity against Smith Tipton. Smith Tipton filed an exception of peremption, which the trial court granted and dismissed Smith Tipton, with prejudice. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

This matter arose out of the construction of a public project, the Louisiana Arts and Science Center Planetarium and Space Theater in Baton Rouge, Louisiana. The City/Parish engaged Smith Tipton to design the project. The City/Parish then entered into a contract with M.D. Descant, Inc. (“Descant”) to construct the facility. Descant entered into a written subcontract with Boes to provide certain structural steel and metal work.
The instant lawsuit was initiated when Boes filed a petition for concursus and for damages, including the special damages of statutory attorney’s fees, on May 28, 2004. Boes claimed that it was entitled to extra compensation for work performed beyond that included in its bid price because of, among other things, alleged deficiencies in the construction plans prepared by Smith Tipton. On July 28, 2004, the City/Parish answered Boes’s petition and included the following language in paragraph 90 of its answer:
|3[City/Parish] expressly claims that [at] all times it relied on the advice and counsel of its architect, [Smith Tipton] ... In the event and only in the event that there should be any Judgment whatsoever rendered against the [City/Parish] that the said respondent expressly claims indemnity and contribution from the above named architect and contractor.
The City/Parish did not file a cross-claim or any other incidental demand against Smith Tipton regarding any potential indemnity claims.
On June 4, 2012, Smith Tipton filed a peremptory exception of prescription and motion for summary judgment to dismiss Boes’s claims against Smith Tipton. In a judgment signed November 26, 2012, the district court sustained the exception, granted the motion for summary judgment, and dismissed Smith Tipton, with prejudice, from the lawsuit.
On June 28, 2013, the City/Parish filed a petition for declaratory judgment in which it sought to have the district court recognize the right of the City/Parish to bring an indemnity claim against Smith Tipton should liability be found against the City/Parish after the trial of Boes’s claim for damages. The petition for declaratory judgment did not name any defendants, but the City/Parish requested that Boes, Descant, National Fire Insurance Company of Hartford, and Smith Tipton be served.
*558 Although no longer a party to the suit, and not named as a defendant, Smith Tip-ton filed a peremptory exception raising the objection of peremption on July 24, 2013, in response to the City/Parish’s petition for declaratory judgment.[1] Smith Tipton argued that the declaratory judgment filed by the City/Parish was untimely under the five-year peremptive period for architects.[2] Following a hearing, the ^district court sustained the exception of peremption in a judgment signed November 6, 2013. The City/Parish now appeals.

LAW AND DISCUSSION

The City/Parish contends that the district court erred in finding that the indemnity claim of the City/Parish is perempted under La. R.S. 9:5607. The City/Parish argues that Smith Tipton had sufficient notice of the indemnity claim, and as a result, suffered no prejudice. The City/Parish avers that it should be allowed to amend the language of Paragraph 90 of its original answer to conform with the procedural requirements of a cross-claim because the City/Parish is not adding new parties or causes of action to its claim for indemnity. The City/Parish further argues that its amendéd pleading should relate back to its original answer to avoid peremption of the claim.
Smith Tipton counters that the City/Parish’s original answer does not constitute a proper cross-claim because the answer does not meet the mandatory pleading requirements of a cross-claim pursuant to the Louisiana Code of Civil Procedure. See La. C.C.P. arts. 1071-73. Furthermore, any indemnity action against Smith Tipton is now perempted.

Peremption

Peremption is a period of time fixed by law for the existence of a right. The right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. State Through Div. of Admin. v. McInnis Bros. Const., 97-0742 (La.10/21/97), 701 So.2d 937, 939. Peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461.
Peremption is considered a peremptory exception. La. C.C.P. art. 927. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. IsPeremption has been likened to prescription; namely, it is prescription that is not subject to interruption or suspension. See Flowers, Inc. v. Rausch, 364 So.2d 928, 931 (La.1978). As such, the following rules governing the burden of proof as to prescription apply to peremption.
If prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Carter, 892 So.2d at 1267. If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court’s findings of fact are reviewed under the manifest error-clearly wrong standard of review. Id. If the findings are reasonable in light of the record *559 reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Straub v. Richardson, 11-1689 (La. App. 1 Cir. 5/2/12), 92 So.3d 548, 552-53, writ denied, 12-1212 (La.9/21/12), 98 So.3d 341, cert. denied, — U.S. -, 133 S.Ct. 1805, 185 L.Ed.2d 811 (2013).
Louisiana Revised Statutes 9:5607(A) establishes a five year peremptive period for claims against professional architects. The statute provides, in pertinent part:
No action for damages against any professional engineer, surveyor, engineer intern, surveyor intern, or licensee as defined in R.S. 37:682, or any professional architect, landscape architect, architect intern, or agent as defined in R.S. 37:141, or professional interior designer, or licensee as defined in R.S. 37:3171, or other similar licensee licensed under the laws of this state, or real estate developer relative to development plans which have been certified by a professional engineer or professional architect, whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:
(1) The date of registry in the mortgage office of acceptance of the work by owner; or
|fi(2) The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded; or
(3) The date the person furnishing such services has completed the services with regard to actions against that person, if the person performing or furnishing the services, as described herein, does not render the services preparatory to construction, or if the person furnishes such services preparatory to construction but the person furnishing such services does not perform any inspection of the work. (Emphasis added.)
The statute applies to all actions against an architect arising out of its services, which includes the City/Parish’s claim for indemnity. See Ebinger v. Venus Const. Corp., 08-379 (La.App. 3 Cir. 10/1/08), 995 So.2d 1224. In this case, the acceptance of the work was filed into the public record on May 29, 2003. Pursuant to La. R.S. 9:5607(A)(1), the five year per-emptive period began to run on May 29, 2003. Thus, any claim against Smith Tip-ton was perempted in May 2008, five years after the acceptance of the work was recorded in the public record. Here, the City/Parish filed its petition for declaratory judgment on July 1, 2013, seeking to preserve its claims for indemnity against Smith Tipton; however, this is clearly outside of the five year peremptive period set forth in La. R.S. 9:5607.

Cross Claim

The City/Parish argues its original answer to Boes’s petition was sufficient to preserve or give notice of an indemnity claim against Smith Tipton. Smith Tipton counters that the City/Parish’s original answer is not a valid cross-claim and ignores the mandatory pleading rules set forth by the Louisiana Code of Civil Procedure that apply to a cross-claim. Smith Tipton further argues that the City/Parish makes this argument in an attempt to avoid the *560 five year peremptive period set forth by La. R.S. 9:5607.
The procedure for instituting a demand incidental to the principal demand against an adverse party, a co-party, or a third person is set forth in the Louisiana Code of Civil Procedure. Cross-claims are incidental actions. La. C.C.P. art. |71031(B). A cross-claim instituted by a defendant may be commenced by a petition or incorporated in an answer to the principal demand; if brought in the answer, the caption of the answer must indicate the dual character of the combined pleading. La. C.C.P. art. 1032.
Louisiana Code of Civil Procedure article 1071 provides:
A party by petition may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action. The cross-claim may include a demand that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant.
Furthermore, La. C.C.P. art. 1072 provides:
The petition in a cross-claim shall be served on the co-party in the manner prescribed by La. C.C.P. art. 1314.
Louisiana Code .of Civil Procedure article 1314 provides:
A. A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:
(1) Service on the adverse party in any manner permitted under Articles 1231 through 1266.
(2)(a) Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
(b) Except as otherwise provided in Article 2293, service may not be made on the counsel of record after a final judgment terminating or disposing of all issues litigated has been rendered, the delays for appeal have lapsed, and no timely appeal has been taken.
B. Personal service on a partner or office associate of a counsel of record, including a secretary, receptionist, legal staff, administrative staff, or paralegal in the employ of the counsel of record, at the office address of record of the counsel of record shall constitute valid service under Paragraph A of this Article.
Based on the Louisiana Code of Civil Procedure, in order for a party’s claim to be viable, a litigant must actually file a cause of action, name a defendant to the cause of action, serve the defendant with the cause of action, and pray for relief. The City/Parish’s answer did not contain a caption identifying a cross-claim; did | snot contain sufficient fact allegations; did not include a prayer for relief against Smith Tipton; and was not served on Smith Tip-ton. The pleading was insufficient to constitute a valid claim against Smith Tipton.
We also note that paragraph 90 of the City/Parish’s original answer to Boes’s petition, which specifically pleads indemnity, is sufficient in form as an affirmative defense. See La. C.C.P. arts. 1003 and 1005. The City/Parish’s attempt to have the court treat this affirmative defense as a cross-claim or. some other incidental demand is not allowed under the Code of Civil Procedure. Comment (f) of the 2008 comments to La. C.C.P. art. 1005 states *561 that an affirmative defense cannot be used in the place of an incidental demand, since it must allege a demand for relief and meet the requirements of La. C.C.P. arts. 891-93,1032,1034-35, and 1314.
The City/Parish contends that Smith Tipton had notice of the potential for an indemnity claim, despite the procedural failures and form of the claim. However, as discussed above, sufficiency of notice and prejudice are not proper inquiries in this circumstance. Furthermore, contrary to the City/Parish’s assertions regarding notice, Smith Tipton has never received any formal or procedural^ proper notice of an actual indemnity claim being made against it. Therefore, the City/Parish’s original answer to Boes’s petition was insufficient to preserve or give notice of an indemnity claim against Smith Tipton.

Amendment; Relation Back

Finally, the City/Parish requested that it be allowed to amend its original answer to Boes’s petition, despite peremp-tive bars, to properly assert a cross claim against Smith Tipton so that the amended answer would relate back to the filing of the original answer, thus, preserving its claim. Smith Tipton argues that an amended pleading cannot relate back to the original pleading to revive a perempted cause of action. Based on well-settled Louisiana law, we agree.
LWhen an action or defense in an amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading. La. C.C.P. art. 1153. However, it is well settled that an amendment cannot relate back when a cause of action is extinguished by peremption. See Naghi v. Brener, 2008-2527 (La.6/26/09), 17 So.3d 919, 924-26. If a cause of action no longer exists after the termination of a peremptive period and any right to assert the claim is destroyed, there is nothing to which an amended or supplemental pleading filed after the peremptive period has expired can relate back.
Therefore, in this case, because the original petition filed by the City/Parish did not include an indemnity claim, and the peremptive period in which to bring an indemnity claim against Smith Tipton has expired, an amended petition filed well after the expiration of the peremptive period cannot relate back to the original, timely filed petition. See Naghi v. Brener, 17 So.3d at 925-26.

DECREE

Considering the foregoing, the November 6, 2013 final judgment of the district court, which sustained Smith Tipton’s peremptory exception raising the . objection of peremption, is affirmed. All costs of this appeal, in the amount of $5,702.00, are assessed to Defendant/Appellant, the City of Baton Rouge/Parish of East Baton Rouge.
AFFIRMED.

. Smith Tipton also asserted the dilatory exception raising the objection of prematurity and the peremptory exception raising the objections of no cause of action and nonjoinder of a necessary party. See La. C.C.P. arts. 926-927. Another defendant in this suit, Descant, responded to the exceptions filed by Smith Tipton and argued that the district court should allow the City/Parish's procedurally deficient cross-claim and further allow the City/Parish to amend its cross-claim in order to conform with procedural formalities.

. See La. R.S. 9:5607.