# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JONATHAN WALLACE GURR

VERSUS

ROBERT PORTER, INDIVIDUALLY AND AS
NATURAL TUTOR OF HIS MINOR CHILD,
R.P., BOH BROS. CONSTRUCTION CO.,
L.L.C., AND/OR JAMES CONSTRUCTION
GROUP, L.L.C., BONE SAFETY SIGNS,
LLC, SAFEAUTO INSURANCE COMPANY,
ABC INSURANCE COMPANY AND DEF
INSURANCE COMPANY

NO.  2021 CW 1255

**FEBRUARY 10, 2022**

---

In Re:  G.E.C., Inc., Philip K. Meyers, P.E. and XL Specialty
Insurance Company, applying for supervisory writs,
19th Judicial District Court, Parish of East Baton
Rouge, No. 660066.

---

**BEFORE:  McDONALD, LANIER, AND WOLFE, JJ.**

**WRIT GRANTED.**  The trial court's September 23, 2021 judgment which denied the motion for summary judgment filed by defendants, G.E.C., Inc. and XL Specialty Insurance Company, is reversed.  We find the peremptive period in La. R.S. 9:5607 is applicable to plaintiff, Jonathan Gurr's, claims against G.E.C., Inc., a firm licensed to practice engineering in the State of Louisiana, and XL Specialty Insurance Company, and the claims in this action arise out of an engagement to provide engineering services.  Plaintiff, Jonathan Gurr, filed his suit on August 1, 2017, more than five years after the time the owner, the Department of Transportation and Development, took possession of the improvement with its March 4, 2005 Notice of Completion.  We further find that the indemnity provision in the contract between G.E.C., Inc. and the Department of Transportation and Development does not affect the applicability of the peremptive period set forth in La. R.S. 9:5607.  **Boes Iron Works, Inc. v. M.D. Descant, Inc.,** 2014-0270 (La. App. 1st Cir. 9/19/14), 154 So.3d 555, 559; and **Ebinger v. Venus Const. Corp.,** 2008-379 (La. App. 3rd Cir. 10/1/08), 995 So.2d 1224, 1226.  Plaintiff, Jonathan Gurr, failed to produce factual support sufficient to establish the existence of a genuine issuer of material fact or that defendants are not entitled to judgment as a matter of law. Accordingly, we grant the motion for summary judgment finding plaintiff's claims against G.E.C., Inc., and its insurer, XL Specialty Insurance Company, are perempted, and dismiss plaintiff's claims against defendants, G.E.C., Inc. and XL Specialty Insurance Company.

JMM
WIL
EW

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT