hMAX N. TOBIAS, JR., Judge.
On 12 March 1999, the plaintiff, James E. Maschek (“Maschek”), was injured in an automobile accident while in the course and scope of his employment with the defendant, Cartemps USA (“Cartemps”). Cartemps’ insurer, Liberty Mutual Insur- *1191 anee Company (“Liberty”), paid him medical and indemnity benefits. On 25 November 2002, Maschek filed a “Disputed Claim for Compensation,” i.e., a form 1008, in District 6 of the Office of Workers’ Compensation. He claimed a “failure to timely reimburse claimant for out of pocket prescription medication costs” and “in addition failure to reimburse out of pocket prescription in the proper amount.” On 16 December 2002, Maschek faxed to Liberty another bill for prescription medication in the amount of $44.59. On 9 May 2003, he filed an amended petition in which he alleged arbitrary and capricious behavior on the part of Liberty. The claim was heard on 18 June 2003 on a motion for summary judgment for “numerous infractions” of the 60-day time limit for reimbursement of claims of out-of-pocket expenses. The trial court rendered judgment on 19 June 2003 and ordered Liberty to pay a penalty in the amount of $2,000.00 and attorney’s fees of $750.00 for “failing to timely pay and/or reimburse medical |2expenses per La. R.S. 23:1201(E).” [1] Maschek filed a motion for new trial, arguing that the trial court had failed to order the actual reimbursement for the prescriptions in addition to ordering the payment of penalties and attorney’s fees.
Defense counsel forwarded a check for $2,892.99, representing payment for the 19 June 2003 judgment, including payment for reimbursement of the sums that the judgment had omitted. Maschek executed the receipt and satisfaction of judgment, mailed it to the trial court, and notified the trial judge that the motion for new trial was moot.
On 13 August 2003, Maschek sent another request for payment to Liberty, requesting reimbursement for prescriptions that totaled $44.59 and, in addition, seeking a $2,000.00 penalty and $750.00 in attorney’s fees. Liberty determined that the $44.59 bill had been overlooked and issued a check in that amount on 27 August 2003, but refused to pay the penalty and attorney’s fees demanded.
On 17 September 2003, Maschek filed a new form 1008 again claiming “failure to timely reimburse claimant for out of pocket .prescription medication costs, penalties and attorney’s fees.” This time; Maschek filed his form 1008 in District 8.[2] Cartemps answered, and Maschek moved for summary judgment. Cartemps opposed the motion for summary judgment and filed an exception of res judicata. On 19 March 2004 and after a hearing, the trial court granted the exception of res judicata and denied the motion for summary judgment. On 12 April 2004, the Maschek appealed. The basis of the appeal is that Cartemps did not pay the $44.59 sought in December 2002 within sixty .days, but instead waited |3eight months, and that Maschek is entitled to additional penalties and attorney’s fees under La. R.S. 23:1032(F) as it existed at the time of the accident. Maschek argues that res judicata does not bar this claim because the claim for reimbursement of the prescription medication that cost $44.59 did not arise from the same transaction or occurrence as Cartemps’ earlier failures to reimburse him in a timely fashion. In addition, he seeks a $2,000.00 penalty for having to take this appeal, and $2,000.00 in attorney’s fees for the cost of the appeal.
La. R.S. 23:1201(F) now provides:
*1192 F. Failure to provide payment in accordance with this- Section or failure to consent to the employee’s request to select a • treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed- claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers’ compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers’ compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
K3)4 Except as provided in Paragraph (4) of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
(5) No amount paid as a penalty or attorney fee under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance. [Emphasis supplied.]
La. R.S. 23:1201 was amended by Acts 2003, No. 1204, Section 1. Prior to that time, section F did not contain the foregoing highlighted language pertaining to res judicata. It is clear that the law in effect at the time of the injury is controlling. Garrett v. Seventh Ward General Hospital, 95-0017, p. 6 n. 5 (La.9/22/95), 660 So.2d 841, 844, overruled on other grounds by Al Johnson Construction Co. v. Pitre, 98-2564, p. 5 (La.5/18/99), 734 So.2d 623, 626; Williams v. BET Construction, Inc., 2000-1765 (La.App. 1 Cir. 11/9/01), 818 So.2d 21. As such, because the accident in this case occurred on 12 March 1999, prior to the amendment, we may not apply the clause pertaining to res judicata.
Cartemps argues, however, that the claim should have been dismissed under the doctrine of res judicata outlined in La. R.S. 13:4231, which provides:
Except as otherwise provided by law, a valid and final judgment is conclusive *1193 between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the | ¡^transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Cartemps cites Stroscher v. Stroscher, 2001-2769, pp. 6-7 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 525:
Under LSA-R.S. 13:4231, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence as a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Certified Finance, Inc., 838 So.2d at 3. '
After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. LSA-R.S. 13:4231; LSA-C.C.P. art. 425. Implicit in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. Once a final judgment acquires res judicata status, no court has jurisdiction to change the judgment. Certified Finance, Inc., 838 So.2d at'4.
Louisiana Revised Statute 13:4231 embraces the broad usage of the phrase “res judicata” to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a res judicata judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relit-igating matters' that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided. Certified Finance, Inc., 838 So.2d at 4.
Res judicata cannot be invoked unless all its essential elements are present and each necessary element has been ^established beyond all question. The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. Certified Finance, Inc., 838 So.2d at 4.
In the instant case, the claim for $44.59 was submitted to Cartemps and Liberty on 16 December 2002; more than sixty days had long passed before the hearing that *1194 resulted in the 19 June 2003 judgment. Clearly, the claim could have been raised at the hearing. Furthermore, Maschek filed a motion for new trial when the court failed to order reimbursement for outstanding prescriptions costs in its judgment. Cartemps attempted to resolve the matter that was raised in the motion for new trial and, in fact, paid all claims for prescription costs that Maschek demanded. Maschek withdrew his motion for new trial, and executed a receipt and satisfaction of judgment.
Under these facts, the trial court did not err in maintaining the exception of res judicata. See La. R.S. 13:4231(1). We note that had the trial court overruled the exception and reached the merits of sanctions and attorney’s fees, no showing was made that Cartemps acted arbitrarily and capriciously in failing to pay immediately the $44.59 demand; that demand was made less than two weeks after the parties had resolved the litigation between them, and the $44.59 demand was paid. As such, an award of sanctions and attorney’s fees would not have been appropriate.
Lastly, Maschek’s demand for sanctions and attorney’s fees for taking this appeal is denied. La. C.C.P. art. 2164.
For the foregoing reasons, we affirm the judgment of the trial court.
BELSOME, J., Concurs in the Result.

. La. R.S. 23:1201(E) provides: “Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.”

. Maschek resides in District 6 (Covington), and his employer is located in District 8 (New Orleans). Thus, no dispute exists that both jurisdictions are proper venues for the filings.