JUDE G. GRAVOIS, Judge.
| ^Plaintiff, Diane R. Schnell, appeals a judgment that granted an exception of res judicata filed by defendants, Hilman Mendoza and Jane Mendoza. Plaintiff contends that the trial court erred in granting the exception, arguing that res judicata bars her second suit against these defendants only if the prior suit involved the same parties, the same cause, and the same object of demand. She asserts that her second suit involves a different cause of action relative to a bond for deed contract between the parties than the cause of action she asserted in her first suit. For the reasons that follow, we affirm the trial *240 court’s judgment granting defendants’ exception of res judicata.

FACTS AND PROCEDURAL HISTORY

On January 31, 2008, plaintiff and defendants entered into a bond for deed contract whereby plaintiff agreed to purchase from defendants a home located at 166 Chateau Latour Drive in Kenner, Jefferson Parish, Louisiana. The contract called for plaintiff to make a down payment on the home and then pay the balance |ato defendants in installments. In her first suit, Schnell v. Anthony Mendoza, et al, case number 681-472 in the 24th Judicial District Court, Jefferson Parish, Louisiana, filed on December 17, 2009, plaintiff sued defendants for “damages and intentional interference with contract,” praying for damages as a result of defendants’ concealment of defects in the property and liens on the property, as well as reimbursement for repair costs plaintiff incurred because of defendants’ alleged concealment of defects in the home. Following a bench trial on September 27, 2011, the trial court granted judgment in favor of plaintiff in the amount of $10,760.75, plus costs and interest from the date of judicial demand, representing repair costs incurred by plaintiff.
Plaintiff filed a devolutive appeal of that judgment, arguing that the trial court erred in failing to determine that the bond for deed contract failed due to the fault of defendants, which would have thereby possibly entitled plaintiff to the return of her deposit made on the property, as well as the return of the payments plaintiff made on the mortgage, taxes, and insurance on the property. Plaintiff argued in her motion for appeal that such claims were encompassed by the scope of her petition for damages, or in the alternative, that the pleadings in that case were enlarged at trial to include rescission of the contract and the return of all payments she made pursuant thereto. Defendants opposed these contentions.
This Court affirmed the judgment in favor of plaintiff. Schnell v. Mendoza, et al, 12-272 (La.App. 5 Cir. 11/13/12), 105 So.3d 874. In so doing, this Court noted:
In its reasons for judgment, the trial court found that Ms. Schnell established at trial that Mr. Mendoza misrepresented the condition of the property and failed to make agreed upon repairs as outlined in the home’s inspection report. The amount of the award reflected the repair receipts submitted into evidence. The trial court further found that the bond for deed contract was not voided by defendants’ failure to disclose encumbrances on the property. However, the court found |4that the issue of cancellation of the contract due to Ms. Schnell’s failure to make contractual payments was not placed before the court and thus, the award of damages could only include receipts for repairs which were covered by the inspection report.
Id. at 877. This Court found that plaintiffs pleadings did not, in fact, encompass the cause of action she tried to assert on appeal — the invalidation of the bond for deed contract — and in fact clearly relied on the validity of the bond for deed contract. This Court further disagreed with plaintiffs contention that the scope of her pleadings had been expanded by the evidence presented at trial.
On appeal in the instant case, plaintiff agrees, in her brief, with this Court’s previous findings that the matter of the validity of the bond for deed contract was not litigated in the prior suit. Thus, she argues, that this cause of action was not, in fact, adjudicated in the prior proceeding, and is not, therefore, res judicata, and thus the trial court erred in granting defendants’ exception. Plaintiff appears to *241 rely, however, on the law of res judicata in effect prior to the 1990 revision of La. R.S. 13:42s!.[1]
Since 1991, La. R.S. 13:4231 has provided:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to |Bany issue actually litigated and determined if its determination was essential to that judgment.
(Emphasis added.)
Comment (a) (1990) to La. R.S. 13:4231, provides, in pertinent part:
[[Image here]]
Under new R.S. 13:4231 the second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. This prevents needless relitigation of the underlying facts and will free the defendant from vexatious litigation; and, by focusing on the transaction or occurrence which would be comparatively easy to determine, this proposal avoids the much more difficult problem of defining what constitutes “cause of action” is avoided. For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.
(Emphasis added.)
Plaintiff argues that her first suit sounded in tort, and therefore does not preclude the instant (second) suit, which alleges a breach of the bond for deed contract, and thus the trial court erred in granting the exception. However, in order to overcome an exception of res judicata, La. R.S. 13:4231(1) requires a plaintiff in the first proceeding to assert “all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation,” regardless of the legal theory or particular *242 cause of action, as discussed above in the Comment to this statute. Further, in summarizing the scope of res judicata, the First Circuit in Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp., 01-0993 (La.App. 1 Cir. 8/4/04), 880 So.2d 129, 135-136, writ denied, 2004-2426 (La.1/28/05), 893 So.2d 72, stated:
| nUnder La. R.S. 13:4231, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence as a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. Terrebonne Fuel [& Lube, Inc. v. Placid Refining Co.], 95-0654 at p. 12, 666 So.2d [624] at 632 [(La.1996)]. Furthermore, the doctrine of res judicata is not discretionary and mandates the effect to be given to final judgments. Leon v. Moore, 98-1792, pp. 4-5 (La.App. 1st Cir. 4/1/99), 731 So.2d 502, 505, writ denied, 99-1294 (La.7/2/99), 747 So.2d 20; cf. La. R.S. 13:4232.
La. R.S. 13:4231 embraces the broad usage of the phrase “res judicata” to include both claim preclusion (res judica-ta) and issue preclusion (collateral estop-pel). Under claim preclusion, the res judicata effect of a final judgment on the merits precludes the parties from relit-igating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: (1) foreclosure of re-litigating matters that have never been litigated, but should have been advanced in the earlier suit; and (2) foreclosure of relitigating matters that have been previously litigated and decided. Hudson v. City of Bossier, 33,620, p. 7 (La.App. 2d Cir. 8/25/00), 766 So.2d 738, 743, writ denied, 00-2687 (La.11/27/00), 775 So.2d 450.
Thus, res judicata does not require that claims be actually litigated for the doctrine of res judicata to apply. Id.; Classen v. Hofmann, 06-560 (La.App. 5 Cir. 11/28/06), 947 So.2d 76. Accordingly, it was incumbent upon plaintiff to raise all issues related to the bond for deed contract in her first suit, even if required to so do in the alternative. Plaintiff did not attempt to raise the breach of contract cause of action until after her first trial, at which point it was too late, because, as the trial court found and as was affirmed by this Court, the pleadings had not been expanded to encompass this new cause of action by the evidence presented at that trial.
It is clear from the petitions plaintiff filed in the first suit and in instant suit that the claims asserted by plaintiff in both suits arose out of the bond for deed contract executed by the parties on January 31, 2008. The petition in this suit for 17breach of contract alleges facts that occurred well before the final judgment in the first suit,[2] invoking the principles stated clearly in the first paragraph of La. R.S. 13:4231. Thus, we find no error in the trial court’s ruling maintaining defendants’ exception of res judicata.
*243 Plaintiff also argues in brief that exceptional circumstances exist that justify a relief from the application of res judicata in this case. As this Court noted in Arwood v. J.P. & Sons, Inc., 99-1146 (La.App. 5 Cir. 2/29/00), 759 So.2d 848, 850:
[La.] R.S. 13:4232 sets forth exceptions to the doctrine of res judicata. It provides, in pertinent part, that a judgment does not bar another action by the plaintiff when exceptional circumstances justify relief from the res judicata effect of the judgment. This provision gives the court discretion to grant relief from the judgment for exceptional circumstances. This discretion is necessary to allow the court to balance the principle of res judicata with the interests of justice. This discretion must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judi-cata would be defeated. Spear v. Prudential Property & Casualty Ins. Co., 98-1663 (La.App. 4 Cir. 1/13/99), 727 So.2d 640.
Specifically, plaintiff argues in brief that she was the victim of defendants’ fraud, which constitutes exceptional circumstances justifying relief in this case:
Defendants made material false statements as to identifiable information about themselves, provided mix-matched social security numbers, mix-matched date of births, and orchestrated a highly elaborate concealment of public records. Additionally, defendants knew that plaintiff would justifiably rely on their statements since the public records and the Title Company (Title Depot) would not reveal the defects of the subject property.
The First Circuit addressed the application of La. R.S. 13:4232 in Chaisson v. Oceanside Seafood, 97-2756 (La.App. 1 Cir. 6/29/98), 713 So.2d 1286, 1289. After analyzing various cases in which the exceptional circumstances provision had been considered, our brethren stated:
|/These cases suggest that the “exceptional circumstances” provision is likely to be applied most often in complex procedural situations, in which litigants are deprived of any opportunity to present their claims because of some quirk in the system which could not have been anticipated. “Exceptional circumstances” might also be applied to factual scenarios that could not possibly be anticipated by the parties or decisions that are totally beyond the control of the parties.
The facts in this case do not argue in favor of the relief requested by plaintiff. Plaintiffs petition in this case alleges facts that were known to her at the time she filed her first suit, as well as facts known to her prior to the time judgment was rendered in the first suit. Plaintiff could have, in her first suit, pleaded facts in the alternative relating to both of her alleged causes of action (for tort damages and for breach of contract), under La. C.C.P. art. 892,[3] or could have filed an amended petition to add the breach of contract action. There existed no complex procedural situation, unknown factual scenario, or decisions that were totally beyond the control of plaintiff. The allegations of “fraud” made by plaintiff in her second suit and in brief to this Court do not rise to the level of “exceptional circumstances” justifying the relief plaintiff seeks.

*244
CONCLUSION

Accordingly, although a harsh result for plaintiff, we are constrained to follow the law, and thus, for the reasons noted above, affirm the trial court’s judgment granting defendants’ exception of res judicata.

AFFIRMED.

. In her reply brief, plaintiff cites La. C.C. art. 2286, but this article of the 1870 Civil Code was redesignated as R.S. 13:4231 by Acts 1984, No. 331, § 7, effective January 1, 1985. The text of this statute was substantially amended to its current provisions in Acts 1990, No. 521, § 1, effective January 1, 1991, which amendment effected a substantial change in the law, as noted in Comment (a) to the 1990 revision.

. Plaintiff alleged in her petition in her first suit that defendants cancelled the bond for deed contract on December 17, 2009. Plaintiff filed her petition in case number 681-472 that same day. The matter was not tried until 2011, giving plaintiff ample time to put "all causes of action ... arising out of the [bond for deed] transaction” before the court in her first suit. La. R.S. 13:4231(1).

. La. C.C.P. art. 892 provides: "Except as otherwise provided in Article 3657, a petition may set forth two or more causes of action in the alternative, even though the legal or factual bases thereof may be inconsistent or mutually exclusive. In such cases all allegations shall be made subject to the obligations set forth in Article 863.”