MAX N. TOBIAS, JR., Judge.
| Nhe plaintiffs/appellants, Robert Andrew Schiff and N.O.W. Properties, LLC (“N.O.W.”) (collectively hereafter, “Schiff’), appeal a judgment in favor of the defendant/appellee, Lidia Pollard (“Ms.Pollard”), that dismissed their petition to nullify an earlier judgment based on fraud or ill practices, sustaining an exception of *721 peremption. See La. C.C.P. art. 2004.[1] For the reasons that follow, we are required to reverse the judgment that dismissed the nullity action with prejudice and remand the matter for further proceedings consistent with this opinion.
This is the second time the parties have been before this court on appeal. See Pollard v. Schiff, 13-1682 (La.App. 4 Cir. 2/4/15), 161 So.3d 48. In that case, we substantially affirmed the district court’s judgment awarding Ms. Pollard more than $680,000.00 plus interests and costs. Because Schiff took a devolutive | ¡.appeal, Ms. Pollard began collection efforts before the appellate decision was rendered. After our decision, her collection efforts continued despite Schiffs efforts to unburden themselves of the effects of the judgment.
In his petition for nullity, Schiff argues, inter alia, that Ms. Pollard’s trial testimony wherein she stated she had a general contractor’s license forms the significant basis of the petition for nullity and that such was discovered after the original judgment was rendered by the trial court.[2] His remaining allegations of fraud and/or ill practice concern Ms. Pollard’s testimony at trial, which claims, were allegedly discovered after trial. We do not know when, how, or under what circumstances this alleged latter information was obtained.
In response to the original petition, Ms. Pollard filed, inter alia, a peremptory exception of no right of action and a dilatory exception of lack of procedural capacity as to N.O.W. only. The judgment granting the exceptions gave Schiff thirty days in which to amend the petition, which was subsequently amended by Schiff on 18 August 2014.[3] The amendment demonstrated that N.O.W. had a right of action and the procedural capacity to be included in the lawsuit.
| ^Following the amendments, Ms. Pollard filed a peremptory exception of per-emption that the trial court sustained, dismissing Schiffs petition, as amended, with prejudice.
Examining the petition for nullity reveals an obvious attempt by Schiff to reliti-gate the trial court’s decision that was affirmed by this court; those judgments are final. An action for nullity is not intended as a substitute for an appeal or as a “second chance to prove a claim that was previously denied for failure of proof.”[4] *722 Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149, p. 5 (La.10/16/01), 800 So.2d 762, 766.
The jurisprudence has established the following criteria for an action in nullity: (1) the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant seeking relief, and (2) the enforcement of the judgment would be unconscionable and inequitable. Wright v. Louisiana Power & Light, 06-1181, p. 12 (La.3/9/07), 951 So.2d 1058, 1067. Like the jurisprudence, Article 2004 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass some improper practice that operates, even innocently, to deprive the party cast in judgment of some legal right. Id. “Deprivation of legal rights” is conduct which prevents an opposing party from having an opportunity to appear or present a defense. Id. The purpose of an action |4for nullity is to prevent injustice that cannot be corrected through a new trial and/or an appeal. Id. at p. 13, 951 So.2d at 1068.
Discovery of evidence that could have been presented at the original trial usually cannot serve as the basis for an action for nullity. Gladstone v. American Auto. Ass’n, 419 So.2d 1219, 1223 (La.1982); Wright, at p. 13, 951 So.2d at 1068. Further, even if new evidence is not discovered until after the judgment becomes final, despite the exercise of due diligence, such is not grounds to nullify the judgment unless fraud was involved or unless enforcement of the judgment would be clearly inequitable and unconscionable. Id.
The petition for nullity was timely filed on its face, although we find it to be vague and fails to set forth the particular incidents of fraud and/or ill practice with specificity.[5] The original petition was filed on 19 June 2014, within a year of the alleged discovery of the fraud and/or ill practices on 23 July 2013 and within a year of the 2 August 2013 judgment. The amended petition for nullity was filed on 18 August 2014. Ms. Pollard argues that the trial court dismissed the original action; such is not supported by the record. The exceptions of no right of action and lack of procedural capacity as to N.O.W. were granted, but 30 days were given in which to file an amended petition. Therefore, we find that the original petition was timely filed and that the amended petition relates back to the original filing |fidate of 19 June 2014. See La. C.C.P. art. 1153.[6] The trial court erred when it granted the exception of peremption.
Thus, we are required to reverse the trial court’s judgment and remand this case to the court below for further proceedings consistent with this opinion.

REVERSED; REMANDED.

LANDRIEU, J., concurs and assigns reasons.
LANDRIEU, J., concurs with reasons.
|TI concur in the result reached by the majority but write separately to point out the inconsistencies in the jurisprudence (both among the circuits and within certain *723 circuits) regarding whether the time limitation for bringing an action for nullity pursuant to La. C.C.P. art. 2004 is prescriptive or peremptive. See, e.g.: In re Succession of Bernat, 2013-0277 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277; Smith v. Smith, 47,376 (La.App. 2 Cir. 8/22/12), 104 So.3d 512; Dunker v. New Orleans Baptist Theological Seminary, 422 So.2d 1310 (La.App. 5th Cir.1982); Barber v. Testa, 331 So.2d 139 (La.App. 3rd Cir.1976); Martin v. White, 219 So.2d 219 (La.App. 1st Cir.1969). However, when directly addressing the issue, this court has held that the time limitation in Article 2004 is one of peremption, as the majority here so finds. See Azar-O’Bannon v. Azar, 2000-0101 (La.App. 4 Cir. 9/27/00), 770 So.2d 458; Davis v. Sewerage and Water Board of New Orleans, 469 So.2d 1144 (La.App. 4th Cir.1985); but see Haney v. Davis, 2006-1058 (La.App. 4 Cir. 2/14/07), 952 So.2d 804 (wherein this court referred to the time period as one of prescription in dicta).
There is also inconsistency in the jurisprudence as to whether the relation back theory expressed in La. C.C.P. art. 1153 is applicable to a period of preemption. See, e.g., Boes Iron Works, Inc. v. M.D. Descant, Inc., 2014-0270 |2(La.App. 1 Cir. 9/19/14), 154 So.3d 555 (holding that because a cause of action no longer exists after the termination of a peremptive period, there is nothing to which an amended petition filed after the preemptive period has expired can relate back) and International River Center v. Beck, 95-1396 (La.App. 4 Cir. 4/10/96), 672 So.2d 1160 (in which this court held that an action in nullity is subject to a preemptive period and that the relation back theory is applicable). The result reached by the majority is consistent with this court’s precedent.

. La. C.C.P. art. 2004 states:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practice.

. The petition for nullity was filed by Schiff on 19 June 2014, within one year of the judgment rendered by the trial court on 2 August 2013. Schiff claims that on or about 12 June 2014, during their attorney’s fact investigation, Ms. Pollard’s status as a Louisiana licensed contractor was called into question. Thereafter, on 23 July 2014, the records deposition of the records custodian for the Louisiana State Licensing Board for Contractors ("LSLBC”) was taken. It was at this time, Schiff asserts, that they learned for the first time that Ms. Pollard did not have a state contracting license, although she had testified to the contrary in the earlier case.
Two criminal complaints were made, presumably by Schiff, and Ms. Pollard was arrested for perjury and contracting without a license. The district attorney refused to prosecute both charges.

. An exception of res judicata was also filed by Ms. Pollard; it was denied as to the petition for nullity alone.

. We further note that Schiff filed a motion for new trial based on the discovery of new evidence that he asserts proves Ms. Pollard had given false testimony on the stand. The trial court denied the motion, which we affirmed. Pollard, 13-1682 at pp. 19-21, 161 So.3d at 60-61. He is again relying on that same “newly discovered evidence’’ as a basis of the present petition.

. For example, Schiff had the Comparative Market Analyses (‘‘CMAs”) well before trial and could compare them with the appraisals done for his defense. Further, he had the CPA’s accounting before Ms. Pollard was deposed; after the deposition, Schiff provided additional documents he claimed were not considered, causing the CPA to perform a new accounting.

. La. C.C.P. art. 1153 states:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.