JUDGE SANDRA CABRINA JENKINS
_JjIn this suit to annul a prior judgment, Robert Andrew Schiff and N.O.W. Properties, L.L.C. (collectively “Schiff’),[1] appeal the trial court’s May 3, 2016 judgment granting the exception of res judicata filed by defendant, Lidia Pollard, and dismissing plaintiffs’ claims with prejudice. For the reasons that follow, we convert the appeal to a supervisory writ, we grant the writ and affirm the trial court’s judgment.
FACTUAL AND PROCEDURAL BACKGROUND
This is the third appeal involving these parties before this Court. See Pollard v. Schiff, 13-1682, 14-0853 (La. App. 4 Cir. 2/4/15), 161 So.3d 48; Schiff v. Pollard, 15-0340 (La. App. 4 Cir. 10/7/15), 177 So.3d 719 (“Schiff I”). The original suit and first *871 appeal involving these parties, Pollard, supra, arose out of a failed business venture between Mr. Sehiff and Ms. Pollard in which they entered into an agreement to purchase, renovate, and resell properties under the business name of N.O.W. Properties, L.L.C. During the duration of their business | ^partnership, between March 2007 and September 2009, twelve properties were purchased and renovated. “[A]t some point early in the venture, Mr. Sehiff unilaterally decided to rent the completed houses rather than sell them” and “expected Ms. Pollard to manage the rental properties by securing tenants, collecting rent, and making repairs to the properties.” Pollard, 13-1682, 14-0853, p. 3, 161 So.3d at 51. By September 2009, the parties’ business partnership had soured; they agreed to end the partnership and attempted to divide the assets by obtaining a comparative market analysis (“CMA”) for each of the twelve properties. In 2010, Ms. Pollard found a buyer for one of the properties, but when the property was sold Mr. Sehiff retained all profits from that sale rather than sharing the profits with Ms. Pollard. As a result, Ms. Pollard filed suit against Sehiff for breach of contract, an accounting, and judicial dissolution of the partnership.
Following a three-day bench trial in April 2013, Sehiff filed numerous post-trial motions, including a motion to admit approximately 100 exhibits and additional testimony, a motion to admit newly discovered evidence, and a motion for new trial. After taking these matters under advisement, the trial court rendered judgment on August 2, 2013, in favor of Ms. Pollard. The trial court found Sehiff liable for breach of contract and bad faith damages and awarded Ms. Pollard $685,176.52 in specified elements of damages.
Sehiff timely appealed the trial court’s August 2, 2013 judgment and argued, inter alia, that the trial court erred by relying on a false and incomplete accounting |sprepared by CPA Marjorie Corcoran and erred in denying his motion for new trial based on newly discovered evidence that Ms. Pollard gave false testimony at trial. Pollard, 13-1682, 14-0853, p. 8, 161 So.3d at 54. Upon review of the entire record, this Court found no merit in any of Sehiff s assignments of error and substantially affirmed the trial court’s judgment but amended the total award to $684,824.73 based on the record evidence of reimbursements owed and an error in the award of judicial interest. Id. 13-1682, 14-0853, p. 26, 161 So.3d at 61.
On June 19, 2014, while the appeal of the August 2, 2013 judgment was pending before this Court, Sehiff filed a petition to annul the judgment on the grounds that it was obtained by fraud and ill practices. In response to Schiffs petition to annul, Ms. Pollard filed a peremptory exception of no right of action and a dilatory exception of lack of procedural capacity as to N.O.W. Properties, L.L.C., which the trial court granted and allowed Sehiff thirty days to amend the petition.[2]
Sehiff filed an amended petition to annul on August 18, 2014.[3] In response, Ms. Pol *872 lard filed a peremptory exception of per-emption, arguing that the petition to annul was filed more than a year after the August 2, 2013 judgment and more than a year after Schiff allegedly learned of the fraud and ill practice that served as the grounds for the petition to annul. Following a hearing, the trial court’s | ¿November 7, 2014 judgment granted Ms. Pollard’s exception of peremption and dismissed Schiffs amended petition to annul with prejudice. Schiff timely appealed the trial court’s November 7, 2014 judgment.[4]
In the appeal' of Schiff I, the Court noted that the petition to annul “reveals an obvious attempt by Schiff to relitigate the trial court’s decision that was affirmed” in Pollard. 15-0340, p. 3, 177 So.3d at 721. However, with regard to Ms. Pollard’s exception of peremption, the Court found that the trial court erred in granting it and dismissing Schiffs petition to annul. The record reflected that Schiffs amended petition to annul related back to the date of filing of .the original petition to annul on June 19, 2014, which was within one year of the alleged discovery of the fraud or ill practices and within one year of the August 2, 2013 judgment. Schiff I, 15-0340, pp. 4-5, 177 So.3d at 722. Finding that the amended petition to annul was timely, this Court reversed the trial court’s November 7, 2014 judgment and remanded for further proceedings.
On remand, Ms. Pollard filed exceptions of vagueness and ambiguity and res judica-ta. After a hearing on these exceptions, the trial court granted the exception of vagueness and ambiguity, ordered Schiff to amend the petition within thirty days, and further, ordered that the exception of res judicata be held in abeyance until an amended petition was filed and reviewed. Schiff then timely filed a second amended petition to annul on January 12, 2015. In response, Ms. Pollard filed an exception of no cause of action and re-urged the exception of res judicata. .
[HOn April 22, 2016, the trial court held a hearing on the exceptions of res judicata and no cause of action. Finding that all of the issues raised within Schiffs amended petition to annul had been previously litigated and ruled upon, the trial court granted the exception of res judicata. The trial court’s May 3, 2016 judgment reads in pertinent part as follows:
IT IS HEREBY ORDERED that the Exception of Res Judicata be and hereby GRANTED; Plaintiffs’ claims are accordingly dismissed with prejudice.
IT IS FURTHER ORDERED that the Exception of No Cause of Action is rendered MOOT by virtue of the Court’s ruling on the Exception of Res Judicata.
Schiff filed a motion for appeal of the trial court’s May 3, 2016 judgment on May 16, 2016.
JURISDICTION
Before we proceed to the merits of the case, we must address a procedural matter concerning the lack of decretal language in the May 3, 2016 judgment. The trial court’s May 3, 2016 judgment from which Schiff appeals does not name either the party in favor or against whom the exception of res judicata is granted. Although the judgment does decree unmistakably that plaintiffs’ claims are dismissed with prejudice, we find that the May 3, 2016 judgment lacks components of definitive decretal language necessary to properly invoke our appellate jurisdiction.
*873 “We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment.” Bd. of Supervisors of La. State Univ. and Agric. and Mech. College v. Mid City Holdings, L.L.C., 14-0506, p. 2 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910. “A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.” La. C.C.P. art. 1841. A final judgment is one that determines the merits in whole or in part and is identified as such by appropriate language. La. C.C.P. arts. 1841, 1918. For a judgment to be a valid, final, appealable judgment, it must contain decretal language, which has three necessary components: (1) it must name the party in favor of whom the ruling is ordered; (2) name the party against whom the ruling is ordered; and (3) specify the relief that is granted or denied. Tsegaye v. City of New Orleans, 15-0676, p. 3 (La. App. 4 Cir. 12/18/15), 183 So.3d 705, 710; Mid City Holdings, 14-0506, pp. 2-3, 151 So.3d at 910; Palumbo v. Shapiro, 11-0769, p. 5 (La. App. 4 Cir. 12/14/11), 81 So.3d 923, 927. The specific relief granted must be apparent on the face of the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. Moon v. City of New Orleans, 15-1092, 15-1093, p. 6 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425.
Finding that the trial court’s May 3, 2016 judgment lacks components of definitive decretal language required for a valid final judgment and necessary for the exercise of our appellate jurisdiction, the appellant is not entitled as of right to appellate review. See La. C.C.P. art. 2201; Mid City Holdings, 14-0506, p. 3, 151 So.3d at 910. However, in some circumstances when confronted with a judgment in an appellate context that is not final and appealable, this Court is authorized to exercise our discretion to convert the appeal to an application for supervisory preview. Tomlinson v. Landmark American Ins. Co., 15-0276, p. 3 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 157; Mid City Holdings, 14-0506, pp. 3-4, 151 So.3d at 911. In cases such as this, when a decision by this Court would terminate the litigation, “judicial efficiency and fundamental fairness to the litigants dictates that the merits of an application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.” Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981) (per curiam). In addition, as in those cases in which we have exercised our discretion to convert an appeal to an application for supervisory writs, we find that the motion for appeal was filed within 30 days of the judgment and, thus, was within the time period for the filing of an application of supervisory writs. Tomlinson, 15-0276, p. 3, 192 So.3d at 157; see Favrot v. Favrot, 10-0986, pp. 5-6 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1104; Rule 4-3, Uniform Rules—Courts of Appeal.
Therefore, we have decided to exercise our discretion and convert Schiffs appeal of the May 3, 2016 judgment to an application for supervisory review, which we then grant. We now turn to the merits of the substantive issue before us.
DISCUSSION
In the sole assignment of error, Schiff argues that the trial court erred as a matter of law by granting Ms. Pollard’s exception of res judicata and dismissing Schiffs claims with prejudice. Schiff begins by arguing that it is a well-settled rule of law that a prior judgment cannot be pled as res judicata in a suit to annul it. |8Schiff further argues that the doctrine of res judicata does not preclude this suit to annul the trial court’s August 2, 2013 Pollard *874 judgment (hereinafter “Pollard judgment”) because this suit to annul asserts a different cause of action and raises issues that were not litigated in the prior suit.
 The doctrine of res judicata bars re-litigation of claims and issues arising out of the same facts and circumstances between the same parties of a previous suit when there is a valid final judgment. Ins. Co. of North America v. Louisiana Power & Light Co., 08-1315, p. 5 (La. App. 4 Cir. 3/4/09), 10 So.3d 264, 267; Avenue Plaza, L.L.C. v. Falgoust, 96-0173, pp. 4-5 (La. 7/2/96), 676 So.2d 1077, 1079. In reviewing a judgment sustaining a peremptory exception of res judicata, the appellate court must determine whether the trial court’s decision was legally correct or incorrect. Bd. of Supervisors of La. State Univ. v. Dixie Brewing Co., Inc., 14-0641, p. 6 (La. App. 4 Cir. 11/19/14), 154 So.3d 683, 688; Myers v. Nat'l Union Fire Ins. Co. of Louisiana, 09-1517, p. 5 (La. App. 4 Cir. 5/19/10), 43 So.3d 207, 210.
First, while we recognize the general rule that a prior judgment cannot be pled as res judicata in a suit to annul it, as stated and followed in Haney v. Davis, 04-0856, p. 7 (La. App. 4 Cir. 5/11/05), 904 So.2d 53, 56, that general rule does not apply ipso facto. “Recognizing the basic principle of res judicata, the necessity that a time should come for the cessation of litigation, courts do not blindly prohibit its assertion by exclusively relying on presumptions against its application.” Makar v. Ivy, 291 So.2d 861, 863 (La. App. 3 Cir. 1974).[5] In Haney, |flthis Court stated that it did not find that an exception to the general rule had been established by the “very limited record before us.” 04-0856, p. 7, 904 So.2d at 56. Thus, under the circumstances and record of that case, the Court could not determine whether the prior judgment was res judicata as to the issues and claims raised in the suit to annul. But where the record reflects that the essential elements of res judicata are clearly established and show that the issues raised in the suit to annul were raised or could have been raised in the prior suit, then the exception of res judicata will be maintained. Cf. Schnell v. Mendoza, 13-922, pp. 6-8 (La. App. 5 Cir. 5/21/14), 142 So.3d 238, 242-43.
La. R.S. 13:4231 explains the applicability of the doctrine of res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
*875 Pursuant to La. R.S. 13:4231, a second action is precluded by res judicata when all of the following elements are satisfied:
(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit | inexisted at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
Burguieres v. Pollingue, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053. Res judicata cannot be applied to preclude another action unless all the essential elements are present and each necessary element has been clearly established by the party invoking it. Myers, 09-1517, p. 6, 43 So.3d at 211; BBCL Enterprises, LLC v. American Alternative Ins. Corp., 15-0469, pp. 3-4 (La. App. 4 Cir. 2/3/16), 187 So.3d 65, 68.
In the application of La. R.S. 13:4231, Louisiana courts have held that the statute “embraces the broad usage of the phrase ‘res judicata’ to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel).” Maschek v. Cartemps USA, 04-1031, p. 5 (La. App. 4 Cir. 2/16/05), 896 So.2d 1189, 1193, quoting Stroscher v. Stroscher, 01-2769, pp. 6-7 (La. App. 1 Cir. 2/14/03), 845 So.2d 518, 525; see Schnell, 13-922, 142 So.3d at 242; Stelly v. Stelly, 07-640, pp. 3-4 (La. App. 3 Cir. 11/7/07), 969 So.2d 1283, 1286; Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp., 01-0993 (La. App. 1 Cir. 8/4/04), 880 So.2d 129, 135. In Maschek, the Court explained the two aspects of res judicata under La. R.S. 13:4231 as follows:
Under claim preclusion, the res judicata effect of a final judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: (1) foreclosure of relitigat-ing matters that have never been litigated, 111 but should have been advanced in the earlier suit; and (2) foreclosure of relitigating matters that have been previously litigated and decided.
04-1031, p. 5, 896 So.2d at 1193. Thus, res judicata does not require that claims or issues be actually litigated or decided for the doctrine to apply. Schnell, 13-922, p. 6, 142 So.3d at 242. A prior judgment is res judicata as to the grounds that were decided in the first suit and those that were “implicitly adjudicated as a necessary consequence of the decision.” Ward v. Pennington, 523 So.2d 1286, 1292 (La. 1988).
In this case, Schiff argues that the essential elements of res judicata are not present in this suit to annul the Pollard judgment and, thus, the doctrine of res judicata does not apply to preclude it. In particular, Schiff asserts that the cause of action in this suit to annul arises out of a different transaction or occurrence than the prior suit and the acts of fraud or ill practice alleged within this suit were not raised or litigated previously. We, therefore, turn to examine the record and Schiffs second amended petition to annul to determine whether the elements of res judicata are present.[6]
In the petition to annul, Schiff alleges the following acts of fraud or ill practice were committed by Ms. Pollard and her *876 trial counsel in obtaining the Pollard judgment:
• Intentional concealment of the Regions 2974 bank account from the expert CPA, causing the CPA’s accounting, and ultimately the trial court’s judgment, to be incomplete and inaccurate.
• Intentional misrepresentation of the amount of reimbursement expenses in the proposed judgment presented to the trial court.
• False trial testimony from Ms. Pollard regarding the Regions 2974 bank account and the amounts and sources of money she invested | iainto the venture, which affected the trial court’s assessment of the case and the amounts awarded in the judgment.
• Fraudulent misrepresentation by Ms. Pollard in holding herself out to be a licensed contractor, affecting the validity of the contract and the trial court’s assessment of her credibility.
In support of these allegations, Schiff attached numerous exhibits to the petition to annul, including excerpts of trial and deposition testimony, exhibits entered into the record of the prior suit, post-trial memo-randa from the prior suit, the trial court’s reasons for judgment in Pollard, and correspondence between trial counsel for the parties. Schiff argues that the grounds for this suit to annul and the issues raised therein were not raised or litigated in the previous suit or even discovered until after the prior judgment was rendered.
“It is imperative that courts review a petition for nullity closely as an action based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof.” Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149, p. 5 (La. 10/16/01), 800 So.2d 762, 766. Moreover, “[n]ot every fraud or ill practice constitutes grounds to annul a judgment.” Ward v. Pennington, 523 So.2d 1286, 1289 (La. 1988). “There must be a causal relationship between the fraud or ill practice and the obtaining of the judgment.” Id. “[A] logical interpretation of Article 2004 dictates that a judgment will not be annulled on account of fraud or ill practice in. the course of a legal proceeding if the fraud or ill practice, pertained, to a matter irrelevant to the basis of the decision and the judgment therefore was not obtained by fraud or ill practice.” Id. Thus, we now review Schiffs petition to annul to determine whether the allegations raise claims or issues that were not raised in the prior suit or whether this suit to annul the Pollard judgment is intended as another chance to argue and prove claims that were previously denied for failure of proof.

Intentional concealment of Regions bank account

Schiff alleges that Ms. Pollard and her trial counsel intentionally concealed the Regions 2974 bank account from the expert CPA for the Pollard trial, resulting in an accounting that was inaccurate and incomplete in favor of Ms. Pollard. Schiff further alleges that Ms. Pollard’s trial counsel attempted to deceive the trial court by stating that he had only received information about the Regions 2974 account three days before trial.
As shown -within Schiffs exhibits to the petition to annul, Schiff raised this issue of an incomplete, false accounting during trial, in post-trial memoranda, and on appeal. During the three-day trial, on April 16, 2013, the trial court heard arguments regarding the production of bank accounts and, ultimately, admitted all of the bank account documents including those for Regions 2974. In post-trial memoranda, Schiff *877 argued to the trial court that Ms. Pollard and her trial counsel did not provide the CPA with the Regions 2974 bank account and, thus, her accounting was inaccurate and incomplete. In the Pollard appeal, Schiff assigned as error the trial court’s reliance on the accounting by the CPA that “did not include or consider an entire bank account” and was “unreliable and patently false.” This Court rejected Schiffs argument, finding that “[Schiff] was free to produce his own accounting to include missing information, and other alleged ‘missing' expenses that should have been credited to Schiff, to refute the one prepared by Ms. Corcoran [the CPA], but did not.” Pollard, 13-1682, p. 16, 161 So.3d at 58. Thus, this issue was raised, addressed, and decided in the prior suit.
| ^Intentional misrepresentation within the Proposed Judgment
Next, Schiff makes several allegations involving Ms. Pollard’s trial counsel intentionally misrepresenting the amounts of reimbursement expenses during the trial and within the proposed judgment submitted to the trial court. Specifically, Schiff alleges that Ms. Pollard’s trial counsel “knowingly inaccurately” did not include $116,418 in stipulated reimbursements in the proposed judgment.
The amount of reimbursement expenses owed to Ms. Pollard was litigated during trial, raised and argued in post-trial memo-randa, and raised and addressed on appeal of the Pollard judgment. Notably, Schiff did not previously argue that the amount of stipulated reimbursements in the proposed judgment was inaccurate by the amount now alleged in the petition to annul; however, any objection to that proposed judgment should have been raised prior to the trial court rendering judgment or in a motion for new trial. In addition, this Court’s decision in Pollard reviewed all trial testimony and evidence regarding the reimbursement expenses, noting that “[b]y stipulation of the parties, $40,204 in total deductions was made.” 13-1682, pp. 16-17, 161 So.3d at 58-59. Upon review of the record and the allegations in Schiffs suit to annul, we find that all claims regarding the reimbursement expenses were raised and addressed during the trial and on appeal in the prior suit.

False testimony & Fraudulent misrepresentation

Schiff also alleges that Ms,- Pollard testified falsely several times during the pri- or trial in regard to the Regions 2974 bank account, reimbursement expenses, and the amounts and sources of money she allegedly invested out of pocket into the partnership. In addition, Schiff alleges that several months after the trial he discovered that Ms. Pollard fraudulently misrepresented to him and to the trial 1 lscourt that she was a Louisiana licensed contractor. Schiff asserts that Ms. Pollard’s perjured testimony misled the trial court in its assessment of the case and in its determination of the amounts awarded in the judgment; thus, Schiff asserts that the judgment was obtained by fraudulent testimony and should be annulled.
First, we find that Schiff had sufficient opportunity to address any alleged false statements by Ms. Pollard during the prior trial and appeal. During trial, both parties testified and were cross-examined by counsel about the amounts invested in the partnership, the various bank accounts opened or used by each party during the partnership, and their withdrawals and distributions from those accounts. Schiff had the opportunity to challenge Ms. Pollard, and in fact did challenge her, on disputed sources and amounts of investments and reimbursements during trial. The record also reflects that Schiff raised the claim of newly discovered evidence of Ms. Pollard’s false testimony regarding the *878 source of $50,000 in a motion for new trial and in the Pollard appeal; both the trial court and this Court addressed and dismissed that claim. We find that each of the allegations of Ms. Pollard’s false testimony-in regard to disputed amounts and sources of money invested in the partnership were raised and decided in the prior suit.
The only allegation of false testimony that appears for the first time in Schiffs petition to annul is that Ms. Pollard fraudulently misrepresented herself as a Louisiana licensed contractor. Schiff alleges that he discovered this new evidence several months after the trial court rendered judgment in Pollard. Schiff argues that Ms. Pollard’s fraud vitiates the contract sued upon in Pollard and, thus, this new evidence provides grounds to annul the judgment. We find no merit to this argument.
| ifi“Discovery of evidence which could have been presented at the original trial usually cannot serve as the basis for an action for nullity.” Gladstone v. American Auto. Ass’n, 419 So.2d 1219, 1223 (La. 1982). “Absent a specific discovery request or ‘knowing concealment,’ where a party seeks to annul a judgment because the other party failed to disclose facts within his knowledge [... ] that would have been helpful to his case, that party cannot prevail when with reasonable diligence he could have ascertained those facts himself.” Wright v. Louisiana Power & Light, 06-1181, p. 14 (La. 3/9/07), 951 So.2d 1058, 1068; see also La. C.C. art. 1954 (“Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill.”). Furthermore, if the fraud alleged in a suit to annul pertains to a matter which was irrelevant to the basis of the trial court’s decision, the judgment was not obtained by fraud or ill practice and cannot be annulled on that ground. Frank L. Maraist, 1 La. Civ. L. Treatise, Civil Procedure, § 12.6 (2016); see New Orleans Redevelopment Authority v. Lucas, 02-2344, p. 12 (La. App. 4 Cir. 8/25/04), 881 So.2d 1246, 1253.
The subject matter of the prior suit was a partnership agreement between these same parties to buy, renovate and resell properties, and the terms of that agreement were at issue throughout the litigation. If Ms. Pollard’s status as a licensed contractor were a cause for that agreement, then it was incumbent upon Schiff to raise that issue and exercise due diligence to ascertain facts relevant to that issue during the prior litigation.[7] Notably, there is no indication within the | ^pleadings from the prior suit,[8] the trial court’s judgment, the appellate briefs, or this Court’s decision in Pollard that Ms. Pollard’s status as a Louisiana licensed contractor was relevant to the trial court’s determination of claims and issues in the prior suit. Consequently, we find no merit to Schiffs argument that newly discovered evidence that Ms. Pollard misrepresented herself as a Louisiana licensed contractor serves as a basis to annul the Pollard judgment. In addition, we find that res judicata bars this claim which Schiff could have advanced in the prior suit.
After close review of Schiffs petition to annul and the record before this Court, we find that each of the issues or claims *879 raised in this suit to annul were actually raised and addressed by the trial court and this Court in the Pollard suit, or should have been advanced in that prior suit. Thus, Schiffs suit to annul attempts to relitigate claims and issues determined by the Pollard judgment, which is a valid, final judgment. Upon review of the record in light of the relevant jurisprudence, we find that all essential requirements of res judicata are present and preclude Schiffs suit to annul the Pollard judgment. Accordingly, we affirm the trial court’s May 3, 2016 judgment granting the exception of res judicata and dismissing Schiffs claims with prejudice.
CONCLUSION
For the reasons stated above, we convert Schiffs appeal to an application for supervisory review, we grant the writ, and we affirm the trial court’s judgment granting the exception of res judicata and dismissing Schiffs claims with prejudice.
|, «APPEAL CONVERTED TO WRIT; WRIT GRANTED; JUDGMENT AFFIRMED

. While we refer to Robert Andrew Schiff and N.O.W. Properties, L.L.C. collectively as "Schiff”, we refer to Robert Andrew Schiff, individually, as “Mr. Schiff.”

. Ms. Pollard also filed a peremptory exception of res judicata, which the trial court denied.

. Schiff’s amended petition to annul also sought a temporary restraining order, preliminary injunction and permanent injunction to prevent Ms. Pollard from enforcing and collecting the August 2, 2013 judgment. After a hearing on plaintiff’s petition for preliminary and permanent injunction, the trial court rendered judgment finding that Sehiff could not establish the burden of proof for a preliminary injunction and denied the petition for preliminary and permanent injunction.

. Schiff also filed a motion for new trial that was denied by the trial court on January 5, 2015.

. While the Court in Makar found that the trial court erred in maintaining the exception of res judicata, the Court went through the analysis of determining whether res judicata applied rather than holding that the default judgment could not have a res judicata effect in a suit to annul it.

. Schiff’s second amended petition to annul is hereinafter as the petition to annul.

. As reflected by Schiffs exhibits to his petition to annul, Schiff merely had to file a records request with the Louisiana State Licensing Board of Contractors in order to discover whether Ms. Pollard ever held a contractor's license issued by state.

. Referring only to the numerous pleadings from that prior suit that Schiff has attached and filed into the record of this suit.