STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0574

JOHN M. FLOYD & ASSOCIATES, INC.

VERSUS

ASCENSION CREDIT UNION

Judgment Rendered: __DEC 2 7 2019__

********

Appealed from the 23rd Judicial District Court

In and for the Parish of Ascension

State of Louisiana

Case No. 115930

The Honorable Judge Alvin Turner, Jr., Presiding

********

Craig D. Dillard                          Counsel for Plaintiff/Appellant
Michael R. Rahmn                          John M. Floyd & Associates, Inc.
Houston, Texas


S. Eliza James                            Counsel for Defendant/Appellee
David S. Moyer, LLC                       Ascension Credit Union
New Orleans, Louisiana

********

BEFORE: HIGGINBOTHAM, PENZATO AND LANIER, JJ.

Higginbotham, J. concurs.

**LANIER, J.**

Plaintiff/Appellant, John M. Floyd & Associates, Inc. (JMFA), seeks review of a summary judgment granted in favor of the defendant/appellee, Ascension Credit Union (ACU), which found that JMFA was not entitled to a $10,000.00 retainer fee paid by ACU, and that ACU was entitled to attorney fees and costs. JMFA has appealed this judgment. Additionally, ACU filed a motion for attorney fees with this court, seeking attorney fees related to this appeal.[1]

In the district court's "Judgment and Incorporated Reasons on Ascension Credit Union's Motion for Summary Judgment," the district court gives a recitation of the merits of the case and the relief to which ACU is entitled, concluding with "the Motion for Summary Judgment filed by Ascension Credit Union is granted." (R. 95) Although the parties have not raised the issue of this court's subject matter jurisdiction over the instant appeal, appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *State in interest of J.C.*, 2016-0138 (La. App. 1 Cir. 6/3/16), 196 So.3d 102, 106.

A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment. La. C.C.P. art. 1918. The Louisiana Supreme Court, however, has held that the language contained in the second sentence of La. C.C.P. art. 1918 is precatory and, as such, does not render an otherwise complete and

---

[1] In a prior appeal of this case, JMFA appealed the trial court's granting of a partial summary judgment in favor of ACU concerning ACU's reconventional demand for JMFA to return the $10,000.00 retainer. In that case, we also reviewed *sua sponte* whether this court had subject matter jurisdiction over the appeal of the partial summary judgment. We found the judgment did not meet the requirements of a partial final judgment under La. C.C.P. art. 1915 because it was not expressly designated by the trial court that there was no just reason for delay. See La. C.C.P. art. 1915(B); see also *Van ex rel. White v. Davis*, 2000-0206 (La. App. 1 Cir. 2/16/01), 808 So.2d 478, 483. Therefore, we dismissed the appeal and remanded the case to the trial court. See *John M. Floyd & Associates, Inc. v. Ascension Credit Union*, 2017-0900 (La. App. 1 Cir. 2/22/18), 2018WL1024375.

valid judgment invalid merely because it contains surplus language. *Himchman v. International Brotherhood of Electrical Workers, Local Union # 130*, 292 So.2d 717, 720 (La. 1974); *Martin v. JKD Investments, LLC*, 42,196 (La. App. 2 Cir. 6/20/07), 961 So.2d 575, 578. A judgment should not be nullified if it is otherwise complete and valid except for the inclusion of reasons. *Neighbors First for Bywater, Inc. v. City of New Orleans/New Orleans City Council*, 2017-0256 (La. App. 4 Cir. 12/13/17), 2017WL6350339.

Nonetheless, although the form and wording of judgments are not sacramental, a valid final judgment must be precise, definite, and certain. *Old Republic Life Insurance Company v. TransWood Inc.*, 2016-0552 (La. App. 1 Cir. 6/2/17), 222 So.3d 995, 1002. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Matter of Succession of Porche*, 2016-0538 (La. App. 1 Cir. 2/17/17), 213 So.3d 401, 406. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. *Schiff v. Pollard*, 2016-0801 (La. App. 4 Cir. 6/28/17), 222 So.3d 867, 873.

In the instant case, no part of the writing could stand alone and satisfy all the requirements of a final, appealable judgment. In the absence of proper decretal language, the judgment does not comply with La. C.C.P. art. 1918 and this court lacks jurisdiction to review the merits of this appeal. See *Old Republic*, 222 So.3d at 1002. The appeal is therefore dismissed. As to ACU's motion for attorney fees in connection with this appeal, we deny the motion and assess all costs of this appeal to John M. Floyd & Associates, Inc. This memorandum opinion is issued in compliance with Uniform Rules-Courts of Appeal Rule 2-16.1.B.

**APPEAL DISMISSED. MOTION DENIED.**

3